**STATE of Iowa, Appellee,**

**v.**

**Henry Lee WHITFIELD, Appellant.**

**No. 66230.**

Supreme Court of Iowa.

Feb. 17, 1982.

Rehearing Denied March 12, 1982.

Jorge Gomez, Jr., of Gomez, Feuerbach, May & Pries, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Thomas N. Martin, Asst. Atty. Gen., and William Davis, Scott County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McGIVERIN, and SCHULTZ, JJ.

HARRIS, Justice.

Defendant was tried before a jury and convicted of kidnapping in the first degree in violation of section 710.2, The Code 1979, and of sexual abuse in the second degree in violation of section 709.3, The Code 1979. On his appeal we find two of his three assignments of error to be without merit. We affirm in part and reverse in part.

While playing in a park the victim, a mildly retarded thirteen year old girl, was picked up by the defendant and several others. Defendant is an adult male. Over a competency objection the victim described being taken to a residence home where she was forced to submit to intercourse with defendant, as well as with others. The victim's testimony was corroborated by one of the other participants. Defendant's assignments challenge (1) admission of testimony thought to be hearsay, (2) the overruling of defendant's competency objection to the victim's testimony, and (3) whether sexual abuse in the second degree is a lesser included offense of kidnapping in the first degree. These assignments will be considered in the following divisions.

I. Claiming it was hearsay, defendant challenges testimony of the victim's parents and two police officers who interviewed the victim the same night following her return home. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *State v. Horn*, 282 N.W.2d 717, 724 (Iowa 1979).

These witnesses were allowed, over defendant's hearsay objection, to relate the description made that night of what had occurred during the day. In answer to questions the girl told of being taken against her will by defendant and others from a park where she was playing. She described to the witnesses the sexual assaults which occurred in a home where she was taken. The child's descriptions that night, as related by the witnesses, were consistent with her testimony at trial. The prosecutor suggested that this testimony fell within the excited utterance exception to the hearsay rule. The State resists the defendant's challenge on appeal on the same basis.

The defendant subsequently elected to testify in his own defense. In detailing the events of the day he testified substantially the same as did the victim. All the facts, as related by the victim when she spoke to those whose testimony is challenged, were substantiated by the defendant's own testimony. The only variance that might be claimed had to do with a certain aspect of his intent and of the use of force. Even on these matters he stated his initial intent in picking up the victim was for the sexual exploitation which followed. And he admitted he struck the child, though he suggested that when he struck the blow he was merely "playing with her." Significantly, none of the minor discrepancies in defendant's testimony and that which he challenges as hearsay was on a point material to an element of the offenses with which he was charged.

We need not and do not reach the merits of this challenge. Assuming, without conceding, that the testimony was admitted in error there was no prejudice. Under a well established rule, an accused who testifies and admits certain facts is deemed not prejudiced by the erroneous admission of other evidence of those same facts. *State v. Trudo*, 253 N.W.2d 101, 107–08 (Iowa 1977); *State v. Leonard*, 243 N.W.2d 887, 891 (Iowa 1976); *State v. Jurgenson*, 225 N.W.2d 310, 312 (Iowa 1975).

Under this principle the defendant was in no way prejudiced by the trial court rulings admitting the challenged testimony. The assignment is without merit.

■ II. Defendant next challenges a trial court ruling allowing the testimony of the victim. Section 622.1, The Code, applicable here under Iowa R.Crim.P. 19(1), provides: "Every human being of sufficient capacity to understand the obligation of an oath is a competent witness in all cases, except as otherwise declared." A trial court ruling on a competency question is discretionary and will be reversed only if an abuse of discretion is shown. *Calvert v. State*, 310 N.W.2d 185, 187 (Iowa 1981). No abuse of discretion was shown here.

■ III. Defendant's final assignment is a claim that second degree sexual abuse is a lesser included offense of kidnapping in the first degree. Under Iowa R.Crim.P. 6 the defendant could be convicted of either charge but not both if one is a lesser included offense of the other. Our two-fold test for determining whether one crime is a lesser included offense of another has been recited many times. In *State v. Webb*, 313 N.W.2d 550, (Iowa 1981), we said:

A greater offense necessarily includes a lesser one if the lesser offense is composed *solely* of some but not all elements of the greater crime, and if it is impossible to commit the greater offense without committing the lesser. *State v. Sangster*, 299 N.W.2d 661, 663 (Iowa 1980). The essential elements of the offenses being compared are established by the statutes and not the accusatory charge. *Id.; State v. Redmon*, 244 N.W.2d 792, 801 (Iowa 1976). When a statute defines an offense alternatively, however, we have looked to the charge to determine the statutory alternative upon which the State has relied. *See Sangster*, 299 N.W.2d at 663; [*State v. Young*, 293 N.W.2d 5, 7 (Iowa 1980)]. (Emphasis in original.)

The method in which the first degree kidnapping charge was alleged and proven here under section 710.2 was that, as a consequence, the victim was intentionally subjected to sexual abuse. The sexual abuse to which she was subjected comprised and was made up by the elements of the second count. As alleged and proven here second degree sexual abuse was a lesser included offense of kidnapping in the first degree. Under Iowa R.Crim.P. 6 defendant's conviction of kidnapping will stand; defendant's conviction of the lesser included offense became subsumed in the kidnapping conviction and cannot stand. We affirm defendant's conviction of kidnapping in the first degree but reverse his conviction of sexual abuse in the second degree.

AFFIRMED IN PART, REVERSED IN PART.