STATE of Iowa, Appellant,

v.

Daunte Dominique BULLOCK, Appellee.

No. 00–1570.

Supreme Court of Iowa.

Jan. 24, 2002.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Patrick C. Jackson, County Attorney, and Andrew B. Prosser, Assistant County Attorney, for appellant.

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellee.

TERNUS, Justice.

After a four-day jury trial, the defendant, Daunte Bullock, was convicted of first-degree burglary and second-degree sexual abuse. The district court merged the sexual-abuse conviction into the burglary conviction and sentenced the defendant to an indeterminate term of incarceration on the burglary charge. The court also ordered the defendant to register "as a sex offender for the remainder of his life."

The State appealed the trial court's merger decision. The defendant cross-appealed the court's order that he register as a sex offender for the rest of his life. We conclude the defendant's convictions should not have been merged and the court did not have authority to determine the defendant's registration obligation. Therefore, we vacate the defendant's sentence and remand for entry of judgment of conviction for both offenses and for resentencing.

## I. *Propriety of Appeal.*

Before we address the substantive issues in this case, we consider the propriety of the appeal filed by the State. The State initially filed a notice of appeal pursuant to Iowa Code section 814.5 (1999). Subsequently, the State, concerned that an appeal may not have been the appropriate procedural vehicle for review, filed a petition for writ of certiorari pursuant to Iowa Rule of Appellate Procedure 301.

Iowa Code chapter 814 governs criminal appeals. An appeal is defined as "the right of both the defendant and the state to have specified actions of the district court considered by an appellate court." Iowa Code § 814.1. This statute provides that the State has the right of appeal from

> (*a*) An order dismissing an indictment, information, or any count thereof.
> (*b*) A judgment for the defendant on a motion to the indictment or the information.
> (*c*) An order arresting judgment or granting a new trial.

*Id.* § 814.5(1). The Code also provides for discretionary review of "specified matters not subject to appeal as a matter of right." *Id.* § 814.1. One of the "specified matters" is "[a] final judgment or order raising a question of law important to the judiciary and the profession." *Id.* § 814.5(2)(*d*). The court's discretionary power of review is exercised "in like manner as under the rules pertaining to interlocutory appeals and certiorari in civil cases." *Id.* § 814.1(2).

Citing our decisions in *State v. Lekin,* 271 N.W.2d 697 (Iowa 1978), and *State v. Beecher,* 616 N.W.2d 532 (Iowa 2000), the State contends that it has a right to appeal under section 814.5(1)(*b*). As noted above, this statute gives the State a right of appeal from "[a] judgment for the defendant on a motion to the indictment or the information." Iowa Code § 814.5(1)(*b*).

In *Lekin,* this court held that an order sustaining a demurrer to some, but not all, counts in a trial information was an appealable final judgment where the charges were separable. 271 N.W.2d at 700. The obvious distinction between *Lekin* and the case before us is that the dismissal in *Lekin,* unlike the judgment here, occurred pre-trial. This distinction is material because the appeal as of right granted by the legislature is extended to a "judgment for the defendant on a *motion to the indictment or the information.*" Iowa Code § 814.5(1)(*b*) (emphasis added). Notwithstanding this express statutory language, the State reasons that a defendant who requests merger is being granted a judgment on the count merged, and the similarity of this result to the dismissal of a count upon a pre-trial ruling justifies treating a merger decision as an appealable order as of right under section 814.5(1)(*b*). We do not think the statute permits such an interpretation. The matter before us is simply not a judgment "on motion to the indictment or the information" so to fall within the parameters for an appeal as of right.

The *Beecher* case also fails to support the State's argument that it has a right to appeal. In *Beecher,* this court granted the State's application for discretionary review of a district court's ruling on a defendant's motion to dismiss on grounds of double jeopardy. 616 N.W.2d at 535. We held that the defendant's double jeopardy claim was not ripe for review because jeopardy had not yet attached. *Id.* at 536. The State surmises from this holding that once jeopardy does attach, an appeal can be taken by the State as a matter of right. The State reads too much into our *Beecher* opinion. *Beecher,* dealing as it did with a pre-trial motion, simply does not address

the nature of the State's appeal rights upon an adverse decision after trial.

We conclude that neither section 814.5(1)(*b*) nor our case law supports the State's argument that it has an appeal as of right. This conclusion does not, however, mandate a dismissal of the State's improvidently filed appeal. Our rules provide that if a case is erroneously brought as an appeal, it may proceed "as though the proper form of review had been sought." Iowa R.App. P. 304; *see also Bousman v. Iowa Dist. Ct.*, 630 N.W.2d 789, 793–94 (Iowa 2001) (considering notice of appeal as a petition for writ of certiorari). Therefore, we will consider whether discretionary review should be granted under section 814.5(2).

One basis for discretionary review is "[a] final judgment or order raising a question of law important to the judiciary and the profession." Iowa Code § 814.5(2)(*d*). We conclude that review should be granted on this basis. The appropriateness of merging second-degree sexual abuse into a conviction for first-degree burglary is a matter important to judges presiding over criminal cases and the defense lawyers and county attorneys litigating these cases.

Our conclusion to grant discretionary review makes it unnecessary to consider whether review should be permitted pursuant to the State's application for writ of certiorari. We annul the writ on the basis of mootness.

II. *Merger Decision.*

■ The defendant was found guilty by a jury of two crimes: (1) second-degree sexual abuse, *see id.* § 709.3(1); and (2) first-degree burglary, *see id.* § 713.3. These offenses were based on the same incident occurring on June 25, 1999. Both crimes are class "B" felonies, for which the penalty is an indeterminate twenty-five-year term of incarceration. *See id.* §§ 709.3(1), 713.3, 902.3, 902.9.

At sentencing, the court, over the State's objection, ruled that the defendant's convictions should be merged pursuant to Iowa Code section 701.9. The district court concluded that second-degree sexual abuse was a lesser-included offense of first-degree burglary. Therefore, no judgment was entered on the sexual-abuse conviction. Rather, the court sentenced the defendant to a twenty-five-year indeterminate term on the burglary conviction.

■ The State claims on appeal that merger of the defendant's convictions was illegal and not authorized by section 701.9. We review challenges to the legality of a district court's merger decision for correction of errors at law. *See State v. Anderson*, 565 N.W.2d 340, 342 (Iowa 1997).

■ Iowa Code section 701.9 provides:

No person shall be convicted of a public offense which is necessarily included in another public offense of which the person is convicted. If the jury returns a verdict of guilty of more than one offense and such verdict conflicts with this section, the court shall enter judgment of guilty of the greater of the offenses only.

We have held that this statute "codifies the double jeopardy protection against cumulative punishment." *State v. Gallup*, 500 N.W.2d 437, 445 (Iowa 1993). Thus, we look to legislative intent to determine whether merger is required under section 701.9. *See id.* Legislative intent is indicated, in part, by whether the crimes at issue meet the legal elements test for lesser-included offenses. *See State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995). *See generally Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182,

76 L.Ed. 306, 309 (1932) (applying legal-elements test to determine whether one act constituted two offenses). Even though a crime may meet the so-called *Blockburger* test for lesser-included offenses, it may still be separately punished if legislative intent for multiple punishments is otherwise indicated. *See Halliburton,* 539 N.W.2d at 344.

The defendant contends that we should rethink our interpretation of section 701.9 and hold that it merely codifies the *Blockburger* legal elements test for lesser-included offenses. Under this interpretation of the statute, all included offenses must be merged into the greater offense. *See State v. Daniels,* 588 N.W.2d 682, 685 (Iowa 1998) (Carter, J., concurring specially). No further exploration for legislative intent is necessary because the statute itself indicates legislative intent that lesser-included offenses be merged. *See id.*

We find no need to decide whether the interpretation of section 701.9 adopted in *Gallup* should be revisited. That is because the crime of second-degree sexual abuse does not meet the *Blockburger* test for a lesser-included offense of first-degree burglary. Therefore, even under the more restricted test advocated by the defendant, merger is not authorized. We turn now to a comparison of the elements of first-degree burglary and second-degree sexual abuse.

The defendant was charged with and convicted of the following alternative of burglary in the first degree:

A person commits burglary in the first degree if, while perpetrating a burglary in or upon an occupied structure in which one or more persons are present, any of the following circumstances apply:

. . . .

*d.* The person performs or participates in a sex act with any person which would constitute sexual abuse under section 709.1.

Iowa Code § 713.3(1)(*d*). The defendant's second-degree sexual abuse offense is defined as follows:

A person commits sexual abuse in the second degree when the person commits sexual abuse under any of the following circumstances:

1. During the commission of sexual abuse the person displays in a threatening manner a dangerous weapon, or uses or threatens to use force creating a substantial risk of death or serious injury to any person.

*Id.* § 709.3(1). The defendant claims that the elements of second-degree sexual abuse are subsumed in the aggravating circumstance contained in subparagraph (*d*) of the first-degree burglary definition. *Compare id.* § 713.3(1)(*d*), *with id.* § 709.3(1). In other words, he claims that he could not have committed first-degree burglary without also committing second-degree sexual abuse. *See generally State v. Jeffries,* 430 N.W.2d 728, 730 (Iowa 1988) (" 'To be necessarily included in the greater offense the lesser must be such that it is impossible to commit the greater without first having committed the lesser.' " (Citation omitted.)). We disagree.

The aggravating element that raises a simple burglary to first-degree burglary is the commission of "sexual abuse *under section 709.1.*" Iowa Code § 713.3(1)(*d*) (emphasis added). Section 709.1 defines sexual abuse as "[a]ny sex act" when "[t]he act is done by force or against the will of the other." *Id.* § 709.1(1).[1] Notably ab-

---

1. The statutory definition of "sexual abuse" also includes sex acts between persons when

one participant "is suffering from a mental defect or incapacity which precludes giving

sent from this definition is any requirement that the person committing "sexual abuse" display a dangerous weapon during commission of the sex act, or that the person use or threaten to use "force creating a substantial risk of death or serious injury to any person." *See id.* § 709.3(1). Proof of one of these circumstances is, however, required for a conviction of second-degree sexual abuse under the alternative charged here. *See id.*

As this comparison of the elements of first-degree burglary and second-degree sexual abuse shows, each crime contains an element or elements not present in the other offense. Therefore, it is possible to commit first-degree burglary under the sexual-abuse alternative without also committing second-degree sexual abuse.[2] Accordingly, sexual abuse in the second degree does not meet the legal elements test for a lesser-included offense of first-degree burglary. *See Jeffries,* 430 N.W.2d at 730 ("If the lesser offense contains an element that is not part of the greater offense, the lesser cannot be included in the greater.").

This conclusion is not inconsistent with our cases holding that first-degree sexual abuse and second-degree sexual abuse are lesser-included offenses of first-degree kid-

napping. *See State v. Morgan,* 559 N.W.2d 603, 611 (Iowa 1997) (first-degree sexual abuse); *State v. Whitfield,* 315 N.W.2d 753, 755 (Iowa 1982) (second-degree sexual abuse). The greater offense in those cases—first-degree kidnapping—includes as an element of the crime that the person kidnapped "'is intentionally subjected to ... sexual abuse.'" *Morgan,* 559 N.W.2d at 611 (quoting Iowa Code § 710.2 (1993)). We have interpreted the statutory language, "sexual abuse," broadly to refer to *any* crime of sexual abuse as defined in chapter 709. *See Morgan,* 559 N.W.2d at 611; *Whitfield,* 315 N.W.2d at 755. This interpretation of the first-degree kidnapping statute is consistent with the basic definition of "kidnapping" set forth in chapter 710:

A person commits kidnapping when he or she either confines a person or removes a person from one place to another, knowing that he or she has neither the authority nor the consent of the other to do so; provided, that to constitute kidnapping the act must be accompanied by one or more of the following:

. . . .

---

consent" or "lacks the mental capacity to know the right and wrong of conduct in sexual matters." Iowa Code § 709.1(2). In addition, sexual abuse includes a sex act when one of the participants is a minor. *See id.* § 709.1(3). These alternatives of the statutory definition are not implicated in the case before us.

2. In his brief, the defendant focuses on the court's instructions to the jury, arguing that, as these offenses were submitted to the jury, "it was impossible to commit [first-degree] burglary ... without also committing the crime of sexual abuse." The court's instructions to the jury on the burglary offense included as an element the requirement that the defendant entered the victim's residence "with the specific intent to commit ... sexual abuse in the second degree...." In addition,

the State was required to prove that the defendant "performed or participated in a sex act with any person which would constitute sexual abuse." The term "sexual abuse" was defined in a separate instruction as "[a]ny sex act ... performed with the other participant by force or against the will of the other." Thus, the instructions to the jury, although requiring an *intent* to commit second-degree sexual abuse, did not require proof that a second-degree sexual abuse had been committed, but rather only required proof that an unaggravated sexual abuse as defined in section 709.1 had been committed. Thus, contrary to the defendant's position, the court's instructions did not include second-degree sexual abuse as an element of first-degree burglary.

3. The intent to inflict serious injury upon such person, or to subject the person to *a* sexual abuse.

Iowa Code § 710.1(3) (1979) (emphasis added). As this court has noted, the word "a" is often used in the sense of "any." *See Voss v. Iowa Dep't of Transp.*, 621 N.W.2d 208, 211 (Iowa 2001). Thus, by including as an element *any* sexual abuse, the legislature did not distinguish between degrees of sexual abuse in defining the crime of kidnapping.

In contrast, the legislature clearly *limited* the sexual abuse requirement in the first-degree burglary statute to sexual abuse *as defined in section 709.1*. *See* Iowa Code § 713.3(1)(*d*) (requiring "sexual abuse under section 709.1"). Section 709.1 contains the basic definition of sexual abuse and does not include any of the aggravating circumstances that are necessary to elevate the crime to sexual abuse in the second degree. This court is not at liberty to broaden the sexual abuse element of the burglary offense, which the legislature has expressly defined in a narrow manner, to include *any* sexual abuse crime in chapter 709. It follows, therefore, that the burglary statute is not susceptible to the broad interpretation of the kidnapping statute adopted in the *Morgan* and *Whitfield* cases.

In summary, the crime of second-degree sexual abuse is not a lesser-included offense of the crime of burglary in the first degree. Therefore, the trial court erred in holding that these crimes met the test for merger under section 701.9.[3]

### III. *Order to Register as a Sex Offender.*

■ In its judgment entry, the district court ordered the defendant to "register as a sex offender for the remainder of his life." In his cross-appeal, the defendant contends that this order is erroneous, as he is only required to register for ten years. *Compare* Iowa Code § 692A.2 (1999) (requiring lifetime registration only upon a second or subsequent offense; otherwise, imposing a ten-year registration requirement), *with id.* § 692A.2 (Supp. 1999) (broadening lifetime registration to include persons convicted of an "aggravated offense," and defining such an offense to include burglary in the first degree in violation of section 713.3(1)(*d*), *see id.* § 692A.1(1)(*f*) (Supp.1999)). The State argues that the issue is not ripe for review because sex offender registration is an administrative process that does not commence for an incarcerated individual until he is released from prison. We agree that the issue is not ripe, and, therefore, we do not determine for what length of time the defendant must register.

■ "A case is ripe for adjudication when it presents an actual, present controversy, as opposed to one that is merely hypothetical or speculative." *State v. Iowa Dist. Ct.*, 616 N.W.2d 575, 578 (Iowa 2000). The basic rationale for the ripeness doctrine is particularly apropos here. That rationale is "to protect [administrative] agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Lab. v. Gardner*, 387 U.S. 136, 148–49, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 984, 51 L.Ed.2d 192, 199 (1977).

---

**3.** We do not examine legislative intent beyond determining whether the sexual abuse crime of which the defendant was convicted is a lesser-included offense of the burglary crime because the defendant has pointed to no other factors indicating a legislative intent *not* to impose separate punishment for these felonies.

An incarcerated defendant's duty to register commences upon his release from prison. *See* Iowa Code § 692A.3(1) (requiring registration within ten days of "a release from custody, or placement on probation, parole, or work release"). A person required to register does so with the county sheriff, not the court. *See id.* Maintenance of registry records is the responsibility of the Department of Public Safety, not the court. *See id.* § 692A.10(2). Of even greater relevance here is the statutory provision that allows a person who has registered to apply to the *Department of Public Safety* for a determination "whether the period of time during which the person is obligated to register under this chapter has expired." *Id.* § 692A.8. The court's involvement in the registration process is restricted (1) to informing convicted defendants who are *not* sentenced to confinement of their duty to register and (2) to the collection of specified information from such defendants. *See id.* § 692A.5(1). Of course, these limited duties are not applicable here, where the defendant is sentenced to a term of imprisonment.

Based on the statutory scheme we have just reviewed, it is at once apparent that the determination of the length of any required registration is an administrative decision initially committed to the Department of Public Safety. We conclude, therefore, that the sentencing court was without authority to determine the length of any future registration by the defendant. *See Iowa Dep't of Transp. v. Iowa Dist. Ct.*, 534 N.W.2d 457, 460 (Iowa 1995) (holding that district court had no authority to determine whether criminal defendant was subject to law requiring revocation of driver's license where matter had been entrusted to administrative agency and no petition for judicial review of agency action had been filed). Until the Department has made a decision on the defendant's term of registration, there is no concrete controversy. Any adjudication by the district court prior to an administrative decision and a request for judicial review of that decision is premature. Therefore, the nature and extent of the defendant's registration obligation are issues that are not ripe for our review.

IV. *Disposition.*

We vacate the court's sentence and remand for entry of a judgment of conviction on both burglary in the first degree and sexual abuse in the second degree, and for sentencing on both convictions. The court's sentencing order shall not include any determination of the defendant's responsibility to register as a sex offender.

SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING ON APPEAL AND ON CROSS-APPEAL.