# IN THE COURT OF APPEALS OF IOWA

No. 15-0341
Filed February 10, 2016

**STATE OF IOWA,**
          Plaintiff-Appellee,

**vs.**

**ISAAC DAVID HALL,**
          Defendant-Appellant.
_____

          Appeal from the Iowa District Courts for Linn and Benton Counties, Robert

E. Sosalla, Judge.


          Isaac David Hall appeals his sentences after pleading guilty to three

counts of sexual abuse.  **AFFIRMED.**


          Alfred E. Willett and Nicholas J. Kilburg of Elderkin & Pirnie, P.L.C., Cedar

Rapids, for appellant.

          Thomas J. Miller, Attorney General, and Kevin Cmelik and Bridget A.

Chambers, Assistant Attorneys General, for appellee.


          Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Isaac David Hall appeals his sentences after pleading guilty to three counts of sexual abuse in the third degree, crimes committed when he was a juvenile. More specifically, he argues certain statutorily-mandated portions of his sentences—a special sentence of lifetime parole pursuant to Iowa Code section 903B.1 (2013) and a requirement pursuant to section 692A.016(2) that he register on the sex offender registry for a period of time equal to his special sentence and in no case fewer than ten years—violate the Iowa and United States Constitutions' prohibition of cruel and unusual punishment because he was a juvenile at the time he committed the offenses. We find Hall's claims are not yet ripe for review and therefore affirm the sentence and the deferred judgments imposed by the district court.

## I. Background Facts and Proceedings

On March 25, 2013, the State of Iowa filed a trial information in Linn County charging Hall with three counts of sexual abuse arising out of incidents in two counties: (I) sexual abuse in the second degree, in violation of Iowa Code section 709.3(3), a class "B" felony arising out of Linn County; (II) sexual abuse in the third degree, in violation of section 709.4(2)(b), a class "C" felony arising out of Linn County; and (III) sexual abuse in the third degree, in violation of section 709.4(2)(b), a class "C" felony arising out of Benton County. Count III was later severed from counts I and II and moved from Linn County to Benton County. The charges against Hall were based upon allegations he committed

sex acts with a fourteen-year-old girl and two thirteen-year-old girls. Hall was seventeen years old at the time.

Hall ultimately pled guilty to all three counts, although as to count I he pled guilty to the lesser-included charge of sexual abuse in the third degree so that it was reduced from a class "B" felony to a class "C" felony like the other two. A joint sentencing hearing for both the Linn and Benton County cases occurred before the district court in Linn County on January 30, 2015.

On count I, the district court entered judgment of conviction and sentenced Hall to an indeterminate term of imprisonment not to exceed ten years. Hall does not challenge either his conviction on count I or this ten-year sentence. Instead, he challenges two statutorily-mandated additions to his sentence that flowed from his conviction. First, he challenges the special sentence of lifetime parole applicable to all persons convicted of sexual abuse crimes that are also class "C" felonies. *See* Iowa Code § 903B.1. Second, he challenges his obligation to register as a sex offender for a length of time equal to that of his special sentence—in this case, for the remainder of his life—and in no case fewer than ten years. *See id.* § 692A.106(2).

On counts II and III, the district court deferred judgment. The court ordered Hall to be placed on probation for five years on each count, with the two five-year terms to run concurrently with each other but consecutively to the sentence on count I. The court also ordered Hall to register as a sex offender for ten years on both counts II and III. Hall concedes his deferred judgments are not final and are therefore not appealable. However, he challenges the minimum

ten-year sex offender registration requirement resulting from the sentence on count I and the deferred judgments on counts II and III.

On April 16, 2015, the Iowa Supreme Court granted discretionary review regarding Hall's deferred judgments and later transferred the case to this court.

## II. Standard of Review

As a general rule, we review a district court's sentencing decisions for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724–25 (Iowa 2002). However, when the defendant challenges the constitutionality of a sentence, our review is de novo. *State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015).

## III. Analysis

Another panel of our court has previously addressed claims nearly identical to those now raised by Hall. *See State v. Justice*, No. 14-0151, 2014 WL 5862041, at *1 (Iowa Ct. App. Nov. 13, 2014) ("Nathan Lee Justice challenges the lifetime special sentence imposed upon his conviction of sexual abuse in the third degree . . . , contending the sentence constitutes cruel and unusual punishment because he was under the age of eighteen at the time he committed the offenses."); *see also State v. Poulson*, No. 11-1340, 2012 WL 1864790, at *4 (Iowa Ct. App. May 23, 2012).

As in *Justice*, the fatal flaw in Hall's constitutional attack on the special sentence imposed pursuant to Iowa Code section 903B.1 is that his claim is not yet ripe for review. 2014 WL 5862041, at *1 (citing *State v. Tripp*, 776 N.W.2d 855, 857 (Iowa 2010)); *see also Poulson*, 2012 WL 1864790, at *4. This is so because the terms of Hall's parole will not be determined until the special

sentence takes effect, which will not occur until after he is released from imprisonment on count I. *See Justice*, 2014 WL 5862041, at *1. Furthermore, Hall need not necessarily remain on parole for the remainder of his life; he could be released from his sentence early. *See* Iowa Code § 906.15 ("If a person has been sentenced to a special sentence under section 903.B1 or 903.B2, the person may be discharged early from the sentence in the same manner as any other person on parole.").

Hall's constitutional challenge to his sex offender registry requirements is similarly flawed. Hall is not required to register as a sex offender until after completion of his term of imprisonment, and as a result, his claim is not yet ripe for review. *See State v. Bullock*, 638 N.W.2d 728, 734–35 (Iowa 2002). But even if his claim were ripe for review, "[i]t is well established that in Iowa the [sex offender] registration requirement itself is not a form of punishment." *State v. Williams*, No. 12-1920, 2014 WL 70302, at *2 (Iowa Ct. App. Jan. 9, 2014) (citing *State v. Willard*, 756 N.W.2d 207, 212 (Iowa 2008)). Because the sex offender registry requirement is not a form of punishment, it cannot be deemed cruel and unusual in violation of Hall's constitutional rights. *Id.*

We affirm the sentence and the deferred judgments, along with the statutorily-mandated conditions, as determined by the district court.

**AFFIRMED.**