# IN THE COURT OF APPEALS OF IOWA

No. 12-1997
Filed February 24, 2016

**DAVID DALE JENSEN,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.

_____

Appeal from the Iowa District Court for Jones County, Nancy A. Baumgartner, Judge.

David Jensen appeals from the dismissal of his application for postconviction relief. **AFFIRMED.**

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Aaron Rogers, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

In this postconviction-relief (PCR) action, David Jensen seeks specific performance of the provision of his plea agreement requiring that he register as a sex offender for only ten years, not for a lifetime as the Iowa Department of Public Safety (IDPS) has determined. The PCR court granted summary judgment in favor of the State on the grounds that the court was without authority to determine the length of time that Jensen had to register as a sex offender, and it dismissed Jensen's application. We agree with the district court and therefore affirm.

In November 2010, Jensen filed a pro se PCR application. After the State's motion to dismiss was denied in January 2012, the State filed a motion for summary judgment in June 2012. Shortly thereafter, through appointed counsel, Jensen filed an amended and substituted PCR application. Hearing on the motion for summary judgment was held in October 2012.

The salient facts are set forth succinctly in the PCR court's ruling on summary judgment:[1]

> On July 21, 2006, Jensen was sentenced in Jones County cause FECR003832. He was sentenced for the crimes of third-degree sexual abuse and lascivious acts with a child. The plea and sentence were pursuant to a plea agreement. The lascivious-acts charge has since been vacated in Jones County cause PCCV004322. (The reason was not divulged.) Jensen was sentenced to serve ten years in prison and was ordered by the

---

[1] In regard to this statement of facts, the PCR court noted:
> For the purpose of the summary judgment motion, neither the State nor [Jensen] produced the transcripts of [Jensen's] guilty pleas and sentencings in the relevant cases where he was convicted of sex offenses, nor were any certified court records produced for purposes of said motion. Despite this, [Jensen] does not dispute the State's recitation of the relevant facts, nor does the State dispute [Jensen's] recitation of the relevant facts.

Jones County sentencing court to register as a sex offender for a period of ten years. On August 2, 2006, Jensen was convicted in Polk County cause FECR201517 of attempting to entice away a minor. He was sentenced to serve two years in prison, to be served concurrently with the Jones County case. Jensen has discharged both sentences. The record was silent with regard to the Polk County charge as to what his sex-offender-registry requirements were, if any.

The sex-offender-registry requirements in Iowa Code chapter 692A were amended in 2009. The amendments retroactively applied to persons convicted of sex offenses prior to the July 1, 2009 enactment date, if the person was required to be on the sex offender registry as of June 30, 2009. Jensen did not register as a sex offender until he was released from prison in November of 2010. When he was released, the [IPDS] determined that Jensen's registration requirement was a lifetime registration based upon Iowa Code chapter 692A. It is undisputed that Jensen has made no application or given notice to the [IPDS] to request an administrative or judicial review of his registration requirements.

Jensen's amended and substituted [PCR application] does not allege ineffective assistance of counsel in accepting the plea agreement, which he believed would require him to only register as a sex offender for ten years. He does not ask that his plea or sentence be set aside. The only relief requested is . . . specific performance of the plea agreement and that he only be required to register as a sex offender for ten years.

Relying on *State v. Bullock*, the PCR court concluded it had no authority to grant the relief requested by Jensen. *See* 638 N.W.2d 728, 735 (Iowa 2002) (noting the length of time an offender must remain on the sex-offender registry is administratively determined after an offender's release from prison). The court granted the State's motion and dismissed Jensen's application. Jensen appealed, but the appeal was delayed until this court determined Jensen was entitled to appointed counsel. *See Mears v. State Pub. Def.*, No. 13-0768, 2014 WL 7343214, at *6 (Iowa Ct. App. Dec. 24, 2014). After procedendo was issued in *Mears* in February 2015, this appeal proceeded and was transferred to this court in January 2016.

We normally review PCR proceedings, including dismissals of PCR applications by way of summary disposition, for correction of errors at law. *See Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). However, we review PCR applications that assert constitutional infirmities de novo. *See id.* In determining whether summary disposition is warranted, like summary judgments, the moving party has the burden of proving that the material facts are undisputed and that judgment as a matter of law is merited. *See* Iowa Code § 822.6 (2013); *Castro*, 795 N.W.2d at 792; *Manning v. State*, 654 N.W.2d 555, 558-60 (Iowa 2002). Here, the material facts are not disputed by the parties.

Jensen pled guilty to third-degree sexual abuse in violation of Iowa Code sections 709.1 and 709.4(1) (2005). The sex-offender-registry statute defines third-degree sexual abuse as an "aggravated offense." Iowa Code § 692A.1(1)(c) (Supp. 2005). Then, as now, a person convicted of an aggravated offense is required to register for life. *Compare id.* § 692A.2(5) (Supp. 2005), *with id.* § 692A.106(5) (2013); *see also Bullock*, 638 N.W.2d at 734 (comparing section 692A.2 (1999), which required "lifetime registration only upon a second or subsequent offense; otherwise, imposing a ten-year registration requirement," with section 692A.2 (Supp. 1999), which is similar to section 692A.2 (2005), finding the 1999 supplement "broaden[ed] lifetime registration to include persons convicted of an 'aggravated offense'"). Nevertheless, the sentencing court advised Jensen that, pursuant to Iowa Code section 692A.2, Jensen "has an obligation to register as a sex offender within five days after his release either on parole or work release. This obligation to register continues for a period of ten years from release on parole or work release."

On appeal, Jensen argues: (1) *Bullock* should not apply where the ten-year-registration provision was part of a plea bargain and there has been detrimental reliance, (2) the registration portion of the sentencing order still stands today as no one has set it aside, and (3) *Bullock* should no longer be considered good law. Like the district court, we disagree, and we find *Bullock* dispositive.

*Bullock* holds "that the determination of the length of any required registration is an administrative decision initially committed to the [IPDS]," and therefore, a sentencing court is "without authority to determine the length of any future registration by the defendant." 638 N.W.2d at 735. More importantly:

> Until the [IPDS] has made a decision on the defendant's term of registration, there is no concrete controversy. Any adjudication by the district court prior to an administrative decision and a request for judicial review of that decision is premature. Therefore, the nature and extent of the defendant's registration obligation are issues that are not ripe for our review.

*Id.*

The district court concluded the relief Jensen requests

> is relief that the district court is without authority to give, i.e., order that he only be required to register as a sex offender for ten years. The *Bullock* case is unequivocal in holding that a sentencing court is without authority to determine the length of time that a criminal defendant has to register as a sex offender.

We agree.

*Bullock* is controlling in this case, and we leave the task of overruling precedent to the Iowa Supreme Court. *See State v. Miller,* 841 N.W.2d 583, 584 n.1 (Iowa 2014) (acknowledging that both the district court and the court of appeals properly relied on applicable precedent and noting that "[g]enerally, it is

the role of the supreme court to decide if case precedent should no longer be followed"); *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent."). Although the IPDS has made an administrative decision that Jensen is subject to lifetime registration on the sexual offender registry, Jensen has not pursued or exhausted his administrative remedies with regard to that decision.[2] It is clear, under *Bullock*, that Jensen has an obligation to exhaust his administrative remedies first; his pursuit here of adjudication by the district court prior to an administrative decision and request for judicial review is premature. *See* 638 N.W.2d at 735. Therefore, the extent of Jensen's registration obligation is an issue that is not ripe for our review, and we need not address the merits of Jensen's claims. We therefore affirm the district court's dismissal of Jensen's PCR application.

**AFFIRMED.**

---

[2] Jensen registered as a sex offender when he was released from prison in November 2010. A ten-year period would not expire until November 2020. *See* Iowa Code § 692A.103(1)(c) (2009) (stating time begins to run from the date of release from incarceration). Since the ten-year period has not yet expired, we question whether the time is now ripe for Jensen to pursue his administrative remedies.