# IN THE COURT OF APPEALS OF IOWA

No. 17-0488
Filed March 21, 2018

**ROSS BARKER,**
Petitioner-Appellant,

**vs.**

**IOWA DEPARTMENT OF PUBLIC SAFETY,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.

Administrative appeal challenging the department of public safety's determination regarding the length of time the applicant must register with the sex offender registry. **AFFIRMED.**

Philip B. Mears of Mears Law Offices, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and John R. Lundquist, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., McDonald, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**MCDONALD, Judge.**

The question presented in this appeal is whether the department of public safety committed reversible error within the meaning of the Iowa Administrative Procedure Act, Iowa Code chapter 17A (2017), when it determined that Ross Barker must register for life on the sex offender registry. *See* Iowa Code § 17A.19(10) (setting forth grounds for relief from agency action); Iowa Code § 692A.116 (providing for an application for determination related to registration requirements). The district court concluded not, and Barker timely filed this appeal. On appeal, Barker concedes the department's determination was not in violation of chapter 17A, stating, "The law is/was reasonably clear the length of registration for Barker's offense should be lifetime." We agree with Barker's concession, and we thus affirm the judgment of the district court.

Although Barker agrees the department of public safety correctly interpreted and applied the relevant statutes when it determined he must register for life, he nonetheless requests relief from that determination. Barker requests the duration of the registration requirement be limited to a period of ten years. The basis for Barker's request is an appeal to the equities. In two prior judicial proceedings, it was stated Barker was required to register for only ten years. He contends his plea was thus not knowing and voluntary, and this court should limit the registration period to ten years as a remedy. He also contends the department should be precluded or estopped form imposing a lifetime registration requirement because of the prior representations made to him.

The first instance in which Barker was told his registration period was ten years occurred at the time of sentencing. In 2008, Barker pleaded guilty to assault

with intent to commit sexual abuse, an aggravated misdemeanor, in violation of Iowa Code section 709.11 (2007). There is no record of the guilty plea other than the plea forms. At the sentencing hearing, however, the sentencing court told Barker, "[Y]ou will be required to be on the Sex Offender Registry for a period of ten years." The parties agree this statement was incorrect.

The second instance in which it was stated Barker would have to register for a period of ten years occurred during the resolution of Barker's application for postconviction relief. Barker was released from prison on July 9, 2013. At the time of his release, the county sheriff informed Barker he was required to register for life rather than ten years. Barker filed a motion to correct an illegal sentence, which the district court treated as an untimely application for postconviction relief and dismissed. Barker appealed the decision. In the appeal, appellate counsel argued postconviction counsel was ineffective in failing to argue Barker's plea was not knowing and voluntary because Barker was affirmatively misled about the duration of the registration requirement. This court denied relief. *See Barker v. State*, No. 14-1178, 2015 WL 5287142, at *2–3 (Iowa Ct. App. Sept. 10, 2015). In denying Barker's claim, this court stated Barker did not suffer prejudice from postconviction counsel's alleged failings because "Barker was required to be placed on the Sex Offender Registry for a period of ten years, not a lifetime as Barker mistakenly asserted." *Id.* at *2. The parties agree this statement was incorrect.

Despite these prior judicial statements, this court is unable to provide Barker with administrative relief. The only question presented in this appeal is whether Barker is entitled to relief pursuant to the administrative procedure act. *See* Iowa Code § 17A.19(10) (setting forth grounds for relief from agency action). This

administrative proceeding is not the correct vehicle for Barker to contest the validity of his plea or to provide a remedy for any such claim.

Barker's claims for issue preclusion and collateral estoppel are equally unavailing. The recent case of *Jensen v. State*, No. 12-1997, 2016 WL 718798, at *1 (Iowa Ct. App. Feb. 24, 2016), is directly on point. In that case, the defendant sought specific performance of a plea agreement that provided he register as a sex offender for ten years rather than life as determined by the department. *See Jensen*, 2016 WL 718798, at *1. In support of his argument, Jensen noted the district court advised him he was required to register for only ten years and entered a sentencing order that specifically provided the registration period was for only ten years. *See id.* at *2. Relying on *State v. Bullock*, 638 N.W.2d 728, 735 (Iowa 2002), this court stated "a sentencing court is without authority to determine the length of time that a criminal defendant has to register as a sex offender." *Id.* at 3. We agree with this reading of *Bullock*. *Bullock* makes "apparent that the determination of the length of any required registration is an administrative decision initially committed to the department of public safety." 638 N.W.2d at 735. *Accord Garcia v. State*, No. 12-0510, 2013 WL 2368820, at *2 (Iowa Ct. App. May 30, 2013) ("The determination whether a person is subject to chapter 692A and is required to register as a sex offender is the responsibility of the department of public safety, not the courts."). The Code vests exclusive authority in the department to "determine whether the offense for which the offender has been convicted requires the offender to register" and "whether the period of time during which the offender is required to register . . . has expired." Iowa Code §

692A.116(1). The courts are without authority to change the requirement of registration or length of registration.

Based on our reading of *Bullock* and *Jensen*, it is clear Barker is not entitled to any relief in this proceeding. This is true whether the claim is asserted as a claim for specific performance, as in *Jensen*, or as claims of issue preclusion and collateral estoppel, as in this case. We express no opinion on whether Barker would be entitled to relief in a subsequent postconviction-relief proceeding or whether the department's determination is now a "ground of fact" that could not have been asserted prior to the expiration of the statute of limitations for postconviction-relief proceedings. *See* Iowa Code § 822.3 (providing the limitations period "does not apply to a ground of fact or law that could not have been raised within the applicable time period"); *Bullock*, 638 N.W.2d at 735 ("Until the department has made a decision on the defendant's term of registration, there is no concrete controversy. Any adjudication by the district court prior to an administrative decision and a request for judicial review of that decision is premature."). We note, however, our prior opinion did not resolve the question of whether Barker's plea was knowing and voluntary because the claim was not presented in the district court and because, at the time of the decision, there had not yet been a determination regarding the duration of the registration requirement. *See Barker*, 2015 WL 5287142, at *2–3 ("While he claims he was given a lifetime registry requirement, he has provided no evidence of this assertion.").

The department of public safety did not commit reversible error within the meaning of Iowa Code section 17A.19(10) in determining Barker was required to

register for life on the sex offender registry.  We affirm the judgment of the district court.

**AFFIRMED.**