# IN THE COURT OF APPEALS OF IOWA

No. 19-1606
Filed May 12, 2021

**KEITH WOLF,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.


Keith Wolf appeals the order granting summary disposition in favor of the

State on his application for postconviction relief. **AFFIRMED.**


Thomas Hurd of Law Office of Thomas Hurd PLC, Des Moines, for

appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee State.


Considered by Bower, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Keith Wolf[1] applied for postconviction relief (PCR) from his 2003 conviction of third-degree sexual abuse. Wolf filed his PCR application after the Iowa Department of Public Safety determined in 2018 that he must register as a sex offender for life. In his application, filed without the aid of counsel, Wolf argued that the lifetime registration requirement violates the federal and state constitution prohibitions on ex post facto punishment.

The State moved for summary disposition of the PCR action. It argued (1) the PCR action is time-barred, (2) the only available avenue of relief was through filing an administrative appeal, which Wolf failed to pursue, (3) a 2009 amendment to the sex-offender-registry statute is not ex post facto, and (4) the amendment did not increase Wolf's punishment. The PCR court granted the State's motion "for the reasons set forth in said motion."

We review summary disposition of a PCR action for errors at law. *See Schmidt v. State*, 909 N.W.2d 778, 784 (Iowa 2018). The court may grant summary disposition if the record shows no dispute as to the material facts and the moving party is entitled to judgment as a matter of law. *See id.* We view the record and inferences drawn from it in the light most favorable to Wolf. *See id.*

On appeal, Wolf advances three claims. He first argues his PCR application should be liberally construed to assert a claim under Iowa Code section 822.2(1)(e), which allows a person to apply for PCR if "[t]he person's sentence has

---

[1] The applicant-appellant's name is spelled various ways throughout documents filed in the district and appellate courts: Keith Wolf, Keith A. Wolf, Keith Allan Wolfe, and Keith Allen Wolfe. We use "Keith Wolf" in this opinion as that is the appellation applicant-appellant used in his handwritten pro se PCR application.

expired, or probation, parole, or conditional release has been unlawfully revoked, or the person is otherwise unlawfully held in custody or other restraint." Wolf argues that the requirement of exhausting administrative remedies does not apply to claims brought under this section. Because Wolf never raised this argument below and the PCR court never ruled on it, we decline to address it on appeal. *See Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018) ("As a general rule, we do not address issues presented on appeal for the first time . . . .").

Wolf also argues his original sentence did not require lifetime registration. His argument rests on statutory interpretation. The version of the statute in effect at the time of his conviction states:

> A person who is required to register under this chapter shall, upon a second or subsequent conviction that requires a second registration, *or upon conviction of an aggravated offense*,[2] or who has previously been convicted of one or more offenses that would have required registration under this chapter, *register for the rest of the person's life*.

Iowa Code § 692A.2(3) (2001) (emphasis added). Wolf reads this section to require lifetime registration only if a person convicted of an aggravated offense had been before convicted of an offense requiring registration. But the prior version of section stated, "A person who is required to register under this chapter shall, upon a second or subsequent conviction, register for the rest of the person's life." *Id.* § 692A.2(3) (1999). Reading the statute to apply only to those already required to register at the time of commission of an aggravated offense would limit lifetime registration to those who have previously been convicted of one or more offenses,

---

[2] The definition of "aggravated offense" included convictions for third-degree sexual abuse. Iowa Code § 692A.1(1)(c).

rendering the amendment superfluous. *Cf. In re Chapman*, 890 N.W.2d 853, 857 (Iowa 2017) (presuming the legislature included all parts of a statute for a purpose and holding the court will avoid reading the statute in a way that would make any portion of it redundant or irrelevant); *see also State v. Bullock*, 638 N.W.2d 728, 734 (Iowa 2002) (comparing versions of the statute and noting that the amendment broadened the lifetime registration requirement to include persons convicted of an "aggravated offense").

Because the lifetime registration requirement was in place at the time of Wolf's his conviction, his ex post facto claim fails as a matter of law. We need not consider his remaining claim about the timeliness of his application. We affirm the grant of summary disposition to dismiss his PCR application.

**AFFIRMED.**