# IN THE COURT OF APPEALS OF IOWA

No. 22-0779
Filed November 21, 2023

**NATHAN DANIEL OLSEN,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Tom Reidel, Judge.

Nathan Olsen appeals the dismissal of an application to modify a requirement to register with the Iowa Sex Offender Registry. **AFFIRMED.**

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee State.

Heard by Bower, C.J., and Ahlers and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Nathan Olsen, an out-of-state resident, appeals the dismissal of his application to modify his requirement to register with the Iowa Sex Offender Registry. He challenges the constitutionality of Iowa Code section 692A.128(3) (2021), which requires an application to modify the registration requirements "be filed in the sex offender's county of principal residence." Olsen contends that this requirement limits modification actions to Iowa residents, violating both the Privileges and Immunities Clause of the United States Constitution and article I, section 6 of the Iowa Constitution. Because the district court properly dismissed Olsen's application based on lack of jurisdiction, we affirm.

**I. Background Facts and Proceedings.**

Olsen was convicted of a sex offense in Wisconsin in 2009. He was granted a deferred judgment and placed on probation. Wisconsin does not require those who receive a deferred judgment for sex offenses to register for the sex offender registry.

Because Olsen was living in Iowa at the time of his sentence, he transferred his probation to Iowa. Unlike Wisconsin, Iowa law treats a deferred judgment as a conviction for purposes of its sex offender registry. *See* Iowa Code § 692A.101(7) (including "a person who has received a deferred . . . judgment" in the definition of "convicted" under Iowa Code chapter 692A). Based on the nature of his conviction, Olsen was required to register as a sex offender for ten years.

In 2017, while still living in Iowa, Olsen was convicted of a registry violation. This conviction resulted in a ten-year extension of his requirement to register as a

sex offender.  *See id.* § 692A.106(4).  But Olsen then moved to Illinois later that year, ending his requirement to register in Iowa.[1]  *See id.* § 692A.106(7).

In August 2021, Olsen applied for modification of the sex offender registry requirement in the Scott County District Court.  The application states his desire "to return to Iowa, specifically Scott County, once he is no longer required to register in Iowa."  To allow for his return to Iowa, Olsen asked the court to remove the registration requirement.

The State moved to dismiss Olsen's application, arguing the court cannot grant relief because Olsen does not live, work, or study in Iowa.  Citing the section 692A.128(3) requirement that offenders file modification actions in their county of principal residence,[2] the State argued that the legislature limited or restricted the ability of Iowa courts to entertain actions to modify the sex offender registration requirement to offenders who live, work, or go to school in Iowa.  It also argued that the limitation "does not impede the immediate, necessary, efficient, or basic functioning of the district courts.  Rather it frees the courts from litigation the legislature has deemed unwarranted."

The district court found that "Iowa simply does not have the jurisdiction to modify his registration requirement" and dismissed the application.  The court did not find the failure to comply with section 692A.128(3) requirement to file in the applicant's county of principal residence fatal.  Rather, it found it could not modify

---

[1] There is no requirement for Olsen to register as a sex offender in Illinois based on the Wisconsin deferred judgment.

[2] "Principal residence" is defined as "[t]he residence of the offender" or "[t]he place of employment or attendance as a student, or both, if the sex offender does not have a residence in the state."  Iowa Code § 692A.101(20).

the registration requirement because at the time of filing, Olsen did not need to register:

> As of right now, Olsen is not required to register in Iowa, because he does not live, work, or go to school here. Iowa cannot modify the requirement because he was not convicted in the state. Olsen is not required to register in Illinois—where he is currently living. He will only be required to register in Iowa if he decides to move back. In his petition and brief, the only connection Olsen claims to have to the state is that he used to live here and would like to move back eventually. This is not enough for Iowa to modify the registration requirement.
>
> . . . .
>
> Olsen argues that to deny him the ability to use § 629A.128 based solely on his out-of-state residency would violate the privileges and immunities clause. But his out-of-state residency is not the thing preventing him from taking advantage of the statute. It is the fact that Iowa is currently exercising no jurisdiction over Olsen and has no connection to the conviction requiring him to register in the first place. . . . Not any person can bring a case to any court. The court must have some kind of connection to the controversy. The reason for Olsen's need to register did not arise in Iowa. Iowa simply does not have the jurisdiction to modify his registration requirement. As applied to Olsen's case, Iowa Code § 692A.128(3) does not violate the privileges and immunities clause.

Olsen appeals.

## II. Scope of Review.

We review rulings on a motion to dismiss for correction of errors at law. *O'Hara v. State*, 642 N.W.2d 303, 305 (Iowa 2002). We also review the court's interpretation of Iowa Code section 692A.128 for correction of errors at law. *See Fortune v. State*, 957 N.W.2d 696, 702 (Iowa 2021). But we review rulings on constitutional challenges to a sex offender registration statute de novo. *State v. Hess*, 983 N.W.2d 279, 284 (Iowa 2022).

**III. Discussion.**

On appeal, Olsen reasserts that prohibiting an out-of-state resident from seeking modification of a sex offender registry requirement violates the Privileges and Immunities Clause of the United States Constitution and article I, section 6 of the Iowa Constitution. But the district court did not dismiss the application because of Olsen's status as a non-resident; it dismissed the application based on lack of jurisdiction.

Iowa law requires a person to register with the Iowa Sex Offender Registry when two requirements are met. *See* Iowa Code § 692A.103(1). First, one must be convicted of a sex offense. *See id.* Second, the offender must reside, be employed, or attend school in Iowa. *Id.* Olsen's 2009 Wisconsin conviction satisfies the first criterion. While Olsen lived in Iowa, he satisfied the second criterion. But the registration requirement ended when Olsen moved to Illinois in 2017. *See* Iowa Code § 692A.106(7) ("If a sex offender ceases to maintain a residence, employment, or attendance as a student in this state, the offender shall no longer be required to register . . . ."). The requirement will not resume unless Olsen lives, works, or attends school here. *See id.* ("If the sex offender subsequently reestablishes residence, employment, or attendance as a student in this state, the registration requirement under this chapter shall apply . . . ."). So although the court would have jurisdiction over Olsen if he lived in Iowa, his non-resident status does not determine the jurisdiction issue. The court would also have jurisdiction if Olsen worked or studied in Iowa despite his non-residence.

Because Olsen does not live, work, or attend school in Iowa, he need not register with the Iowa Sex Offender Registry. In fact, he does not meet the most

6

basic requirement for modification, which is that he be a sex offender within the meaning of chapter 692A. *See id.* § 692A.128(1) (only permitting a "sex offender" to file an application for modification); *see also id.* §§ 692A.101(26) (defining "sex offender" as "a person who is required to be registered under this chapter"), 692A.103(1) (requiring a person to register under chapter 692A only if "the offender resides, is employed, or attends school in this state").  His application seeks to modify a hypothetical requirement based on an anticipated future move to this state.  To be ripe for adjudication, an action must involve "an actual, present controversy, as opposed to one that is merely hypothetical or speculative."  *State v. Tripp*, 776 N.W.2d 855, 859 (Iowa 2010).  "If a claim is not ripe for adjudication, a court is without jurisdiction to hear the claim and must dismiss it."  *Iowa Coal Mining Co. v. Monroe Cnty.*, 555 N.W.2d 418, 432 (Iowa 1996).

The facts before us are like those in *State v. Bullock*, 638 N.W.2d 728, 734 (Iowa 2002), in which the sentencing court ordered the defendant to register as a sex offender for life.  On appeal, the defendant argued the order was erroneous because the nature of his conviction required that he register for only ten years.  *Bullock*, 638 N.W.2d at 734.  But the supreme court noted that (1) the registration requirement triggers after an offender is released from prison and (2) how long an offender must register is decided by the Iowa Department of Public Safety, not the court.  *Id.* at 735.  Because the defendant in *Bullock* was still incarcerated and the department had not determined his registration requirements, the supreme court held the issue was not ripe for review:

> Until the Department has made a decision on the defendant's term of registration, there is no concrete controversy.  Any adjudication by the district court prior to an administrative decision and a request for

> judicial review of that decision is premature. Therefore, the nature and extent of the defendant's registration obligation are issues that are not ripe for our review.

*Id.*

As in *Bullock*, the event Olsen anticipates will require him to register again—his relocation to Iowa—has not occurred. Olsen has stated his desire to return to the state. But until he does, there is no registration requirement. Without a registration requirement, there is nothing for the court to modify, and Olsen's application to modify the sex offender registration requirement is not ripe for review. Because the district court properly dismissed Olsen's application based on lack of jurisdiction, we affirm.

**AFFIRMED.**