1/25/2019 8:15:25 AM

# IN THE SUPREME COURT OF IOWA

No. 17–0488

Filed January 25, 2019

**ROSS BARKER,**

Appellant,

vs.

**IOWA DEPARTMENT OF PUBLIC SAFETY,**

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.

The defendant seeks further review of a court of appeals decision and the judicial review decision of the district court upholding the Iowa Department of Public Safety's determination that defendant must register for life on the sex offender registry. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and John R. Lundquist, Assistant Attorney General, for appellee.

**CHRISTENSEN, Justice.**

This appeal presents a unique set of circumstances under which the defendant, Ross Barker, maintains a 2015 court of appeals opinion concluding the district court properly sentenced him to ten years on the sex offender registry precludes the Iowa Department of Public Safety (DPS) from requiring him to now register as a sex offender for life. Barker pled guilty to assault with intent to commit sexual abuse, an aggravated misdemeanor, in 2008. The district court informed him at his sentencing hearing that he was only required to register as a sex offender for ten years when he was actually subject to lifetime registration. Barker sought postconviction relief after the county sheriff informed him he was required to register as a sex offender for life. The district court dismissed Barker's application as untimely. However, the court of appeals reached the merits of Barker's claim on appeal in 2015 and concluded he could not show his postconviction-relief counsel was ineffective for failing to argue his plea was not knowing and voluntary because he was misinformed about the length of his required registration. Specifically, the court of appeals determined Barker was not misinformed about the length of his required registration since he was only required to register as a sex offender for ten years.

Barker subsequently sought the DPS's determination of his sex offender registration requirements. The DPS found Barker was subject to lifetime registration and declined to accept the 2015 court of appeals' decision that he was only required to register for ten years. Barker filed a petition for judicial review of the DPS's decision, and the district court and court of appeals both affirmed the DPS's determination based on their conclusion that they lacked the authority to determine the length of his sex offender registration requirements. On further review, Barker invokes

the doctrine of issue preclusion and argues the DPS must accept the 2015 court of appeals decision regarding the length of his sex offender registration. We agree based on the distinct facts of his case. For the reasons set forth below, we vacate the decision of the court of appeals, reverse the judgment of the district court, and remand the case to the DPS for further consideration in conformity with our opinion.

## I. Background Facts and Proceedings.

On March 14, 2008, Ross Barker pled guilty to assault with intent to commit sexual abuse, an aggravated misdemeanor, in violation of Iowa Code section 709.11 (2007). While there is no record of his guilty plea beyond the plea forms, the district court informed Barker at his sentencing hearing that he would "be required to be on the Sex Offender Registry for a period of ten years." On May 12, 2008, the district court entered a corrected order to include the ten-year special sentence required pursuant to Iowa Code section 903B.2.

When Barker was released from prison on July 9, 2013, the county sheriff informed him that he was required to register as a sex offender for life rather than ten years. Barker subsequently filed a motion to correct an illegal sentence that the district court treated as an untimely application for postconviction relief and dismissed. Barker appealed this dismissal, arguing, among other claims, that his postconviction counsel was ineffective in failing to argue his guilty plea was not knowing and voluntary since the district court affirmatively misled him regarding the duration of the sex offender registry requirement.

In 2015, the court of appeals affirmed the postconviction court's judgment on the merits of the case rather than the timeliness of the application, explaining,

> Because of the plea Barker entered under section 709.11, an aggravated misdemeanor, the district court properly imposed the special sentence pursuant to section 903B.2. In addition, under section 692A.106, Barker was required to be placed on the Sex Offender Registry for a period of ten years, not a lifetime as Barker mistakenly asserted in his PCR application.

*Barker v. State*, No. 14–1178, 2015 WL 5287142, at *2 (Iowa Ct. App. Sept. 10, 2015). We denied Barker's further review application.[1] Thereafter, Barker filed an application for determination of his registration requirements with the DPS in which he sought the DPS's acceptance of the court of appeals' decision that he was only required to register as a sex offender for ten years. The DPS denied Barker's application, finding he was subject to mandatory lifetime registration pursuant to Iowa Code section 692A.106 since he was convicted for an aggravated offense.

Barker filed a petition for judicial review in district court, claiming the DPS committed reversible error within the meaning of the Iowa Administrative Procedure Act when it determined he was required to register for life on the sex offender registry. The district court acknowledged Barker "received incorrect information as to his 692A registration requirements at multiple points during his criminal prosecution." Yet, relying on *State v. Bullock*, 638 N.W.2d 728, 735 (Iowa 2002), the district court found the DPS correctly determined Barker must register as a sex offender for life because "the determination of the length of any required [sex offender] registration is an administrative decision initially committed to the Department of Public Safety." Therefore, the district court concluded both the district court and court of appeals in 2015 lacked the authority to determine the length of Barker's registration

---

[1]Barker argued in his application for further review that the court of appeals erred and he was actually subject to lifetime registration.

requirement. Barker appealed, which we transferred to the court of appeals.

On appeal, Barker conceded the DPS correctly determined the length of registration for his offense. However, Barker maintained his plea was not knowing and voluntary because he was misled about the duration of his registration requirement and trial counsel was ineffective in advising him about the consequences of his plea. Barker also claimed that the doctrine of issue preclusion applied, so the 2015 court of appeals' decision that he was only required to register as a sex offender for ten years precluded the DPS from imposing a lifetime sex offender registration requirement. The court of appeals denied Barker's requests for relief, noting issue preclusion did not apply because "*Bullock* makes 'apparent that the determination of the length of any required registration is an administrative decision initially committed to the department of public safety.' " The court of appeals did not address whether Barker's plea was knowing and voluntary. Barker sought further review, which we granted.

## II. Standard of Review.

"We apply the standards set forth in Iowa Code chapter 17A in our judicial review of agency decision-making to determine whether our conclusion is the same as the district court." *Brewer-Strong v. HNI Corp.*, 913 N.W.2d 235, 242 (Iowa 2018). "The district court may properly grant relief if the agency action prejudiced the substantial rights of the petitioner and if the agency action falls within one of the criteria listed in section 17A.19(10)(*a*) through (*n*)." *Id.* (quoting *Brakke v. Iowa Dep't of Nat. Res.*, 897 N.W.2d 522, 530 (Iowa 2017)). The party challenging the agency action bears the burden of demonstrating the action prejudiced his or her rights and the agency action falls under section 17A.19(10)(*a*) through (*n*). *Hawkeye Land Co. v. Iowa Utils. Bd.*, 847 N.W.2d 199, 207 (Iowa 2014).

We will affirm the district court judgment if we reach the same conclusion. *Brewer-Strong*, 913 N.W.2d at 242. "Whether the elements of issue preclusion are satisfied is a question of law." *Emp'rs Mut. Cas. Co. v. Van Haaften*, 815 N.W.2d 17, 22 (Iowa 2012) (quoting *Grant v. Iowa Dep't of Human Servs.*, 722 N.W.2d 169, 173 (Iowa 2006)). Thus, the agency's decision on this issue is not binding, and we "may substitute our own interpretation of the law for the agency's." *Grant*, 722 N.W.2d at 173.

### III.  Analysis.

Barker acknowledges the court of appeals' 2015 determination that he was only required to register as a sex offender for ten years was incorrect but maintains it precludes the DPS from subjecting him to lifetime registration on the sex offender registry.[2] In *Bullock*, we explained the court's role in the sex offender registration process. 638 N.W.2d at 735. In that case, the district court merged the defendant's sexual-abuse conviction into his burglary conviction and sentenced him to an indeterminate term of imprisonment for the burglary. *Id.* at 729. The district court also ordered the defendant to register as a sex offender for life. *Id.* The defendant directly appealed the district court's order requiring lifetime registration as a sex offender. *Id.* We vacated the defendant's sentence because the sentencing court lacked authority to determine the duration of the defendant's future registration. *Id.* at 735.

In doing so, we noted the court's involvement in the registration process is limited to two purposes: "(1) to informing convicted defendants

---

[2]Barker pled guilty to assault with intent to commit sexual abuse in violation of Iowa Code section 709.11, an aggravated misdemeanor. *See* Iowa Code § 709.11 (2007). Under Iowa Code chapter 692A, a violation of section 709.11 is an aggravated offense. *Id.* § 692A.1(*e*) (now found at § 692A.101(*a*)(5) (2017)). Pursuant to section 692A.106, a sex offender convicted of an aggravated offense must "register for life." Iowa Code § 692A.106(5) (2017) (previously section 692A.2(5)).. Nevertheless, even life registration is not necessary "for life" because the offender "may file an application in district court seeking to modify the registration requirements under" chapter 692A. *Id.* § 692A.128(1).

who are not sentenced to confinement of their duty to register and (2) to the collection of specified information from such defendants." *Id.* (emphasis omitted). We concluded "that the determination of the length of any required registration is an administrative decision initially committed to the Department of Public Safety." *Id.* Since the defendant had not applied to the DPS for a determination of his registration requirements, we held the extent of the defendant's registration requirements were not ripe for review. *Id.* Both the district court and court of appeals found *Bullock* controlling in their decisions that Barker was not entitled to relief because the courts lacked authority to alter Barker's registration requirement.

Though this case similarly encompasses the court's authority to determine the length of a defendant's required registration on the sex offender registry, it does so in a different context. *Bullock* dealt with a direct appeal of a defendant's sentence and the authority of a sentencing court to determine the duration of a defendant's sex offender registration requirements. *Id.* at 729, 735. In contrast, in 2015, Barker's postconviction claim on appeal challenged the knowing and voluntariness of his plea because "he was not informed he would be on the sexual abuse registry for his lifetime." *Barker*, 2015 WL 5287142, at *2. Instead of asking for specific performance of the ten-year registration requirement contained in his plea deal, Barker sought a new trial. Thus, he was not asking the court to sentence him to a length of registration for which it did not have authority to determine. Ultimately, this is a matter of whether the court of appeals in 2015 had the authority to determine Barker's plea was knowing and voluntary and whether that decision has preclusive effect. Since the court of appeals had the authority to determine whether Barker's plea was knowing and voluntary, the outcome of this case hinges

on whether the doctrine of issue preclusion applies. *See, e.g.*, *State v. Thomas*, 659 N.W.2d 217, 220–21 (Iowa 2003) (examining defendant's claim that his plea was not knowing and voluntary since he was misinformed during his plea colloquy).

Issue preclusion is a type of res judicata that prohibits parties "from relitigating in a subsequent action issues raised and resolved in [a] previous action." *Emp'rs Mut. Cas. Co.*, 815 N.W.2d at 22 (alteration in original) (quoting *Soults Farms, Inc. v. Schafer*, 797 N.W.2d 92, 103 (Iowa 2011)). Issue preclusion applies to legal and factual issues. *Grant*, 722 N.W.2d at 174. This doctrine furthers "judicial economy and efficiency by preventing unnecessary litigation" while protecting parties from "relitigating identical issues with identical parties or those persons with a significant connected interest to the prior litigation." *Emp'rs Mut. Cas. Co.*, 815 N.W.2d at 22 (quoting *Winnebago Indus., Inc. v. Haverly*, 727 N.W.2d 567, 571–72 (Iowa 2006)). Moreover, it "tends to prevent the anomalous situation, so damaging to public faith in the judicial system, of two authoritative but conflicting answers being given to the very same question." *Id.* (quoting *Grant*, 722 N.W.2d at 178). For a previous determination to have preclusive effect in a subsequent action, the party claiming issue preclusion must establish the following elements:

> (1) the issue in the present case must be identical, (2) the issue must have been raised and litigated in the prior action, (3) the issue must have been material and relevant to the disposition of the prior case, and (4) the determination of the issue in the prior action must have been essential to the resulting judgment.

*Id.* (quoting *Soults Farms, Inc.*, 797 N.W.2d at 104).

Barker has established all four elements of issue preclusion based on the rare circumstances of his case. First, the crux of the issue in Barker's current case is identical to the relevant issue in his 2015 appeal:

whether Barker was misinformed about his sex offender registration requirements when the district court informed him at his sentencing hearing that he only had to register as a sex offender for ten years. Second, the present issue was raised and litigated in Barker's 2015 appeal. Both the 2015 court of appeals case and the present case stem from Barker's argument that his guilty plea was not knowing and voluntary because he was misled about the length of his sex offender registration requirements at the time he agreed to the plea. The court of appeals in 2015 found Barker could not establish any error occurred since the district court properly informed him that he was only required to register as a sex offender for ten years. *Barker*, 2015 WL 5287142, at *2–3.

Third, the duration of Barker's sex offender registration requirement was material and relevant to the disposition of his 2015 case. The court of appeals explicitly relied on the length of registration that the district court told Barker at his sentencing hearing in rejecting Barker's claim that his plea was not knowing and voluntary. Fourth, the required length of Barker's sex offender registration was essential to the disposition of his prior case. The court of appeals concluded its 2015 opinion by stating,

> Barker cannot establish any error occurred. While he claims he was given a lifetime registry requirement, he has provided no evidence of this assertion. Rather, pursuant to the court documents within this record, the proper sentence was imposed. Thus, Barker cannot prove that, but for counsel's failure to properly frame his claim [as a claim that his plea was not knowing and voluntary], the postconviction court would have denied the State's motion to dismiss.

*Id.* at *3.

Nevertheless, even when a party has established all the elements of issue preclusion, the doctrine still may not apply when a recognized exception to the doctrine covers the situation. One such exception occurs when "[a] new determination of the issue is warranted by differences in the

quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them." *Grant*, 722 N.W.2d at 175 (quoting Restatement (Second) of Judgments § 28(3), at 273 (Am. Law Inst. 1982)). We first adopted this exception in *Heidemann v. Sweitzer*, 375 N.W.2d 665 (Iowa 1985). There, we applied the exception and found issue preclusion did not prevent the Iowa Department of Transportation (DOT) from independently determining whether an arresting officer properly followed implied consent procedures after the district court had already determined the arresting officer failed to do so in a criminal trial. *Heidemann*, 375 N.W.2d at 668. We did so because the legislature enacted chapter 321B to specifically provide the DOT "with jurisdiction to revoke a driver's license for refusal to submit to chemical testing under Iowa's implied consent statute." *Id.* Thus, the DOT had "special competency to resolve" license revocation proceeding issues, and its "administrative decision-making authority should not be undercut by the fortuitous circumstance that a parallel criminal proceeding may result in an evidentiary ruling concerning compliance with implied consent requirements." *Id.*

More recently, we applied this exception in *Grant,* in which we held prior judicial adjudications determining an incident of child abuse occurred did not bind the Iowa Department of Human Services (DHS) to prevent it from making its own independent findings about the credibility of the child abuse report. 722 N.W.2d at 177. We did so because the legislature would not have provided the DHS with the duties to determine the accuracy of child abuse reports and maintain the child abuse registry "without recognizing the existence of a special competency to perform this responsibility." *Id.* "Thus, it [was] evident that our legislature designed

the correction process so that issues relating to the correction of erroneous matters in assessment reports would be decided by the DHS." *Id.*

The DPS maintains this exception applies to the DPS determination about Barker's length of registration since the legislature has provided DPS with the jurisdiction to determine whether sex offenders are subject to registration requirements. *See* Iowa Code § 692A.116. However, this argument overlooks dispositive factual differences between this case and *Heidemann* and *Grant.* Unlike the DOT's special competency regarding driver's license revocation proceedings or the DHS's special competency to assess and maintain child abuse reports, there is no special competency specific to the DPS required to determine whether a criminal offense meets the statutory definition of "aggravated offense" for sex offender registration purposes. Courts already have the authority to determine whether a defendant's crime falls within the definition of a sexual offense that would require sex offender registration. Iowa Code § 692A.126(1); *Kruse v. Iowa Dist. Ct.*, 712 N.W.2d 695, 699–700 (Iowa 2006). Additionally, courts inform "convicted defendants who are not sentenced to confinement of their duty to register." *Bullock*, 638 N.W.2d at 735 (emphasis omitted). In this case, it does not require agency expertise to determine whether assault with intent to commit sexual abuse is an aggravated offense requiring lifetime registration since section 692A.101(1)(*a*)(5) explicitly lists it as an aggravated offense and section 692A.106(5) requires sex offenders convicted of an aggravated offense to "register for life." Iowa Code § 692A.106(5); *see also id.* § 692A.101(1)(*a*)(5). Consequently, the exception to the doctrine of issue preclusion does not apply.

Further, we reject the DPS's claim that issue preclusion is inapplicable because the DPS was not "afforded a full and fair opportunity to litigate the issue in the action relied upon" in Barker's claim of issue

preclusion. *Hunter v. City of Des Moines*, 300 N.W.2d 121, 126 (Iowa 1981). Issue preclusion was previously limited by the doctrine of mutuality of parties. *Harris v. Jones*, 471 N.W.2d 818, 820 (Iowa 1991). We "abandoned the strict doctrine of mutuality in both offensive and defensive uses of issue preclusion." *Id.* Nevertheless, we remain mindful of the purposes of issue preclusion, including our desire to protect parties from "relitigating identical issues with identical parties or those persons with a significant connected interest to the prior litigation." *Emp'rs Mut. Cas. Co.*, 815 N.W.2d at 22 (quoting *Winnebago Indus., Inc.*, 727 N.W.2d at 571–72); *see also Harris*, 471 N.W.2d at 819–20. In this case, the state—not the DPS—was a party to both Barker's criminal prosecution and his subsequent postconviction action. Yet, neither this case nor Barker's prior cases at issue involving the state require special agency expertise or representation since both the 2015 court of appeals opinion and this case merely require the court to determine whether Barker's offense met the statutory definition of an "aggravated offense." Thus, the lack of mutuality between the parties in Barker's prior litigation and this case does not prevent us from applying the doctrine of issue preclusion.

Alternatively, the DPS contends that even if the exception to issue preclusion does not apply, "a new determination is warranted in order to take account of an intervening change in applicable legal context" based on the 2009 amendments to Iowa's sex offender statute that went into effect a year after Barker entered his plea. *State v. Anderson*, 338 N.W.2d 372, 375 (Iowa 1983) (quoting Restatement (Second) of Judgments § 28(2), at 273). However, assault with intent to commit sexual abuse has consistently been listed as an aggravated offense requiring lifetime registration both before and after these amendments occurred. *Compare* Iowa Code § 692A.1(*e*) (2007), *with id.* § 692A.101(1)(*a*)(5) (2017); *compare*

*id.* § 692A.2(5) (2007), *with id.* § 692A.106(5) (2017). Thus, the 2009 amendments do not warrant a new determination in this case. Neither does Barker's failure to seek a modification of his registration status according to the procedures set forth in section 692A.128, as the DPS claims, since this case did not originate from Barker's request for the court to modify his registration status. Rather, it originates from Barker's postconviction request for a new trial and claim on appeal that postconviction counsel was ineffective in failing to claim Barker's plea was not knowing and voluntary since he was misinformed about the length of his registration requirements.

Finally, we reject the DPS's argument that Barker cannot challenge the DPS's determination of his registration term since his claim is not ripe until he has completed the full ten years on the sex offender registry.[3] "A case is ripe for adjudication when it presents an actual, present controversy, as opposed to one that is merely hypothetical or speculative." *Bullock,* 638 N.W.2d at 734 (quoting *State v. Iowa Dist. Ct.,* 616 N.W.2d 575, 578 (Iowa 2000)). The ripeness doctrine exists

> to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

*State v. Wade,* 757 N.W.2d 618, 627 (Iowa 2008) (quoting *Iowa Dist. Ct.,* 616 N.W.2d at 578). In arguing Barker's claim is not ripe while asking the court to defer to the DPS's determination of Barker's registration requirements, the DPS attempts to have its cake and eat it, too. The DPS had no issue with ripeness when it determined Barker was subject to

---

[3]Notably, at oral argument, counsel for the DPS stated he was "not necessarily here to advocate for that position."

lifetime sex offender registration although he had not completed his full ten years on the registry. Yet, it now asks us to refrain from ruling on the length of Barker's registration because it is not ripe.

In any event, Barker's case is ripe for adjudication. As we have already noted, the court of appeals had to examine Barker's registration requirements and whether he was properly informed of the registration period in order to rule on his 2015 appeal. Barker continues to seek postconviction relief, as his current postconviction claim, in which he argues his guilty plea was invalid because he was misled about the length of registration, has been stayed pending the outcome of his judicial review of the DPS's decision in this case. The length of Barker's registration is essential to determining the validity of his plea, and he should not have to put his postconviction efforts on hold until he has completed the full ten years on the registry before he can seek a determination about the length of his registration. Barker's claim of issue preclusion involves "an actual, present controversy," and he is already feeling the effects of the DPS's determination in a concrete way since it directly affects his postconviction claim. *Wade*, 757 N.W.2d at 627. Therefore, this issue is ripe for review.

**IV. Conclusion.**

For the aforementioned reasons, we conclude the 2015 court of appeals' decision that Barker was only subject to ten years on the sex offender registry has preclusive effect over the DPS's determination. Thus, we vacate the decision of the court of appeals, reverse the judgment of the district court, and remand the case to the DPS for further consideration in conformity with our opinion.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**