# IN THE COURT OF APPEALS OF IOWA

No. 18-0819
Filed May 15, 2019

**DARIN GODFREY,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

Darin Godfrey appeals the summary dismissal of his application for postconviction relief. **AFFIRMED.**

Eric D. Tindal of Keegan Tindal & Mason, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Doyle, JJ. Tabor, J., takes no part.

**DOYLE, Judge.**

Darin Godfrey appeals the summary dismissal of his application for postconviction relief (PCR). Godfrey alleges his PCR trial counsel was ineffective for failing to challenge Iowa Code section 692A.126 (2017) on equal protection and procedural due process grounds and for failing to request the trial court take judicial notice of his underlying criminal file. For the reasons stated below, we affirm the district court.

## I. Background Facts and Proceedings.

In July 1993, Godfrey pled guilty to kidnapping in the second degree, robbery in the first degree, and willful injury. An additional charge of sex abuse in the first degree was subsequently dismissed by the State. In August 1993, the district court sentenced Godfrey to consecutive sentences, amounting to a total of sixty years in prison. Godfrey is currently incarcerated, with a tentative discharge date in August 2021.

In 2017, Godfrey filed a pro se application for PCR, arguing that in his original criminal trial the district court did not determine there was a sexual component to his crimes and, therefore, he cannot be required to register as a sex offender under Iowa Code section 692A.126.[1] Later, Godfrey's PCR trial counsel filed a recast application, asserting that the requirement to register as a sex

---

[1] Some time prior to Godfrey's application, the Iowa Department of Public Safety (DPS) advised the Iowa Department of Corrections (DOC) of its informal finding that Godfrey will likely be required to register as a sex offender upon his release from incarceration, however, there was no formal determination made by the DPS. It is not clear from the record when the informal finding was given to the DOC, if it was in writing or oral, or how and when Godfrey learned of it.

offender violates Godfrey's right to due process and amounts to an illegal sentence.

The State moved for summary disposition based on a showing that Godfrey is currently incarcerated, no formal determination was issued by the DPS or DOC regarding his requirement to register as a sex offender, and he failed to pursue and exhaust his administrative remedies prior to filing his petition in district court. In support of its motion, the State filed an affidavit from a Public Service Supervisor for the DPS that stated Godfrey is incarcerated with the DOC and "is not presently registered as a sex offender in Iowa, nor is he required to do so while incarcerated." The affidavit went on to state that if the DPS made a formal determination regarding his registration status, Godfrey may use the administrative process provided in Iowa Code section 692A.116 and then he may challenge the agency's formal decision through a petition for judicial review pursuant to Iowa Code section 17A.19. Godfrey resisted the motion. The district court granted the State's motion, concluding that Godfrey "must wait until there is a formal determination [that Godfrey must register as a sex offender] and the administrative process has been exhausted before he can seek judicial review."

## II. Standard of Review.

"Generally, we review a grant of a motion to dismiss a PCR petition for correction of errors at law." *Allison v. State*, 914 N.W.2d 866, 870 (Iowa 2018). However, if the claim is ineffective assistance of PCR counsel, our review is de novo. *See Goode v. State*, 920 N.W.2d 520, 523 (Iowa 2018). Additionally, if the asserted claims are constitutional in nature, our review is de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012).

### III.   Discussion.

On appeal, Godfrey makes claims of ineffective assistance of his PCR trial counsel.  First, Godfrey alleges his PCR trial counsel was ineffective for failing to challenge Iowa Code section 692A.126[2] on equal protection and procedural due process grounds.  Currently, Godfrey is incarcerated and the DPS has not issued a formal determination, pursuant to Iowa Code section 692A.126(2)(b),[3] requiring him to register as a sex offender when he is released from prison.  Accordingly, Godfrey's claims on appeal are not yet ripe for adjudication.

"A case is ripe for adjudication when it presents an actual, present controversy, as opposed to one that is merely hypothetical or speculative."  *State v. Tripp*, 776 N.W.2d 855, 859 (Iowa 2010).  The intent of the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect [administrative] agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties."  *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–149 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977); *see also Barker v. Iowa Dep't Pub. Safety*, 922 N.W.2d 581, 590 (Iowa 2019).

---

[2] Iowa Code section 692A.126(2)(a)(1) requires a person convicted of kidnapping in the second degree prior to July 1, 2009 to register as a sex offender "if the department makes a determination that the offense was sexually motivated."

[3] Iowa Code section 692A.126(2)(b) specifies that the determination "shall be issued in writing and shall include a summary of the information and evidence considered in making the determination that the offense was sexually motivated."

Iowa Code section 692A.116(1) gives the DPS exclusive authority to "determine whether the offense for which the offender has been convicted requires the offender to register." *See State v. Bullock*, 638 N.W.2d 728, 735 (Iowa 2002). "Until the Department has made a decision on the defendant's term of registration, there is no concrete controversy. Any adjudication by the district court prior to an administrative decision and a request for judicial review of that decision is premature." *Id.*; *see also Murray v. State*, No. 17-1770, 2018 WL 4361053, at *2 (Iowa Ct. App. Sept. 12, 2018). "If a claim is not ripe for adjudication, a court is without jurisdiction to hear the claim and must dismiss it." *State v. Steenhoek*, No. 17-1727, 2018 WL 4635696, at *2 (Iowa Ct. App. Sept. 26, 2018) (quoting *Iowa Coal Mining Co. v. Monroe Cty.*, 555 N.W.2d 418, 432 (Iowa 1996)). Furthermore, Godfrey has failed to exhaust his administrative remedies pursuant to Iowa Code section 692A.116 and section 17A.19. Therefore, we affirm the district court's finding that "since the DPS has not yet made a formal determination . . . judicial review is not proper at this time."

Second, Godfrey alleges his PCR trial counsel was ineffective for failing to request the trial court take judicial notice of his underlying criminal file. The district court stated in its order granting summary disposition that it reviewed "the file and underlying criminal case." Accordingly, Godfrey's second allegation is without merit.

For the reasons stated above, we affirm the district court's ruling dismissing Godfrey's PCR application.

**AFFIRMED.**