# IN THE COURT OF APPEALS OF IOWA

No. 19-2096
Filed May 26, 2021

IN RE THE DETENTION OF JESSE MONROE MILLIKIN,

**JESSE MONROE MILLIKIN,**
        Respondent-Appellant.

_____

Appeal from the Iowa District Court for Keokuk County, Crystal S. Cronk, Judge.

Jesse Monroe Millikin appeals the district court order denying his motion to dismiss the petition for civil commitment filed against him.  **AFFIRMED.**

Thomas J. Gaul of State Public Defender's Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

This appeal calls for us to determine whether the doctrine of claim preclusion bars the State from bringing a second petition for commitment as a sexually violent predator (SVP) under Iowa Code chapter 229A (2018) after a first petition was dismissed.

## I.     Background

In 2008, Jesse Monroe Millikin was convicted of three counts of assault with intent to commit sexual abuse.  He was sentenced to an indeterminate term of two years in prison for the first count and a suspended sentence on the second and third counts.  Millikin discharged his prison sentence for the first count in November 2011.  In November 2012, his special sentence under Iowa Code chapter 903B was revoked and he was ordered to serve two more years in prison.

The State filed its first petition seeking to commit Millikin as an SVP in October 2014, not long before Millikin was scheduled to be released from prison. Iowa Code section 229A.4 (2014) sets forth alternative conditions that must be met for the State to initiate SVP commitment proceedings:

> 1. If it appears that a person presently confined may be a sexually violent predator and the prosecutor's review committee has determined that the person meets the definition of a sexually violent predator, the attorney general may file a petition alleging that the person is a sexually violent predator and stating sufficient facts to support such an allegation.
> 2.  A prosecuting attorney of the county in which the person was convicted or charged, or the attorney general if requested by the prosecuting attorney, may file a petition alleging that a person is a sexually violent predator and stating sufficient facts to support such an allegation, if it appears that a person who has committed a recent overt act meets any of the following criteria:
>     a.  The person was convicted of a sexually violent offense and has been discharged after the completion of the sentence imposed for the offense.

b. The person was charged with, but was acquitted of, a sexually violent offense by reason of insanity and has been released from confinement or any supervision.

c. The person was charge with, but was found to be incompetent to stand trial for, a sexually violent offense and has been released from confinement or any supervision.

In its first petition, the State relied solely on the condition set forth in section 229A.4(1), alleging Millikin was "presently confined." The district court granted the petition, finding Millikin to be an SVP, and Millikin appealed. While Millikin's appeal was pending, the Iowa Supreme Court ruled in another case that a person who has completely discharged a sentence for the underlying sexual crime and is serving a special sentence under Iowa Code chapter 903B is not "presently confined" within the meaning of section 229A.4(1). *See In re Det. Wygle*, 910 N.W.2d 599, 619 (Iowa 2018), *superseded by statute*, 2019 Iowa Acts, ch. 17, § 4. As a result, the supreme court entered an order directing the petition against Millikin to be dismissed and for Millikin to be released. Following that direction, the district court entered an order dismissing the petition and releasing Millikin on September 17, 2018.

Three days after the order dismissing the first action was filed, the State filed its second petition. This time, instead of relying on section 229A.4(1) (2018) and alleging Millikin was presently confined, the State relied on section 229A.4(2) and alleged Millikin had committed a "recent overt act" which necessitated his civil commitment. Millikin filed a motion to dismiss the second petition, arguing the petition was barred by res judicata because the allegations in the second petition were virtually identical to those in the first petition and that none of the acts alleged were recent within the meaning of chapter 229A. The district court denied the

motion, and Millikin was found to be a sexually violent predator and civilly committed. Millikin now appeals, relying solely on his claim-preclusion defense.

## II. Standard of Review

We review the district court's ruling on the motion to dismiss for correction of legal errors. *In re Det. of Tripp*, 915 N.W.2d 867, 873 (Iowa 2018).

## III. Discussion

Millikin argues the second petition is barred by res judicata because the substantive allegations in the second petition are the same as those in the first petition, apart from the allegation that Millikin had committed recent acts as opposed to being presently confined. Res judicata encompasses the concepts of both issue and claim preclusion. *Colvin v. Story Cnty. Bd. of Rev.*, 653 N.W.2d 345, 348 (Iowa 2002). Millikin concedes that issue preclusion is not applicable here because the issue of whether Millikin's actions were "recent" within the meaning of chapter 229A was not litigated. *See Barker v. Iowa Dep't of Pub. Safety*, 922 N.W.2d 581, 587 (Iowa 2019) ("Issue preclusion is a type of res judicata that prohibits parties 'from relitigating in a subsequent action issues raised and resolved in [a] previous action.'" (alteration in original) (quoting *Emps. Mut. Cas. Co. v. Van Haaften*, 815 N.W.2d 17, 22 (Iowa 2012))). As such, the second petition is barred, if at all, only by claim preclusion.

In order for claim preclusion to apply, Millikin must show three elements:

(1) the parties in the first and second action are the same parties or parties in privity, (2) there was a final judgment on the merits in the first action, and (3) the claim in the second suit could have been fully and fairly adjudicated in the prior case (i.e., both suits involve the same cause of action).

*Pavone v. Kirke*, 807 N.W.2d 828, 836 (Iowa 2011). "The absence of any one of these elements is fatal to a defense of claim preclusion." *Id.* (quoting *Arnevik v. Univ. of Minn. Bd. of Regents*, 642 N.W.2d 315, 319 (Iowa 2002)).

There is no dispute the first element of claim preclusion is met, and we will assume for the sake of discussion the third element is satisfied as well. The fight here is over the second element. The district court determined Millikin could not show there was a final judgment on the merits in the first action, and for that reason his claim-preclusion defense failed. On our review, we agree with the district court.

In the first action, the State was seeking to commit Millikin as an SVP. To do that, the State was required to prove three elements:

1. Millikin has been convicted of, or charged with, a sexually violent offense;
2. Millikin suffers from a mental abnormality; and
3. That mental abnormality makes Millikin likely to engage in predatory acts constituting sexually violent offenses if Millikin is not confined in a secure facility.

*See* Iowa Code §§ 229A.2(11) (defining "sexually violent predator"), 229A.7(3) (directing that a trial be conducted to determine whether a respondent is an SVP); Iowa State Bar Ass'n, Iowa Civil Jury Instruction 3700.1. After a trial in the first case, the district court found the State had proved all three elements and Millikin was an SVP. In short, the State won on the merits.

On appeal in the first case, the supreme court did not address the merits of whether Millikin was an SVP (i.e., whether the State had proved the three elements listed above) and did not disturb the district court's determination in that regard. Instead, the supreme court entered an order directing dismissal of the petition because the State had not fulfilled the statutory conditions for filing a petition to

civilly commit Millikin in the first place under section 229A.4(1) because Millikin was not "presently confined" while serving his chapter 903B special sentence. The issue here is whether that dismissal was a final judgment "on the merits."

Dismissal for failure to meet a condition of suit generally does not trigger claim preclusion as a decision on the merits. *See* Restatement (Second) of Judgments § 20(2) (Am. L. Inst. 1982) ("A valid and final personal judgment for the defendant, which rests on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied, unless a second action is precluded by operation of the substantive law."), *cited with approval in Dickens v. Associated Anesthesiologists, P.C.*, 709 N.W.2d 122, 126 (Iowa 2006). Here, we conclude the termination of the first action was for failure to meet a statutory precondition to suit. Such a ruling, while a final judgment, is not "on the merits" within the context of Millikin's claim-preclusion defense. This conclusion is strengthened by the fact the State won on the merits by proving Millikin was an SVP, and that ruling was not disturbed on appeal. Under these circumstances, we conclude Millikin has not satisfied the second element of his claim-preclusion defense and we find no error in the district court's denial of Millikin's motion to dismiss based on that defense.

**AFFIRMED.**