# IN THE COURT OF APPEALS OF IOWA

No. 20-1657
Filed November 3, 2021

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**JAMES M. HEGINGER,**
 Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Colleen D. Weiland, Judge.

James Heginger appeals from a sentencing order requiring registration as a sex offender for a term of life. **AFFIRMED IN PART**, **VACATED IN PART**.

Martha J. Lucey, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Greer, P.J. and Schumacher and Danilson, JJ.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**SCHUMACHER, Judge.**

After entering a guilty plea to one count of assault with intent to commit sexual abuse and one count of prostitution, the district court sentenced James Heginger to an indeterminate five-year term of incarceration. Part of the sentencing order included a requirement that Heginger comply with Iowa Code chapter 692A (2020) "for a term of life." Heginger appeals, claiming the court lacked the authority to order him to register as a sex offender for life. Because the determination of the length of any required registration is an administrative decision of the Iowa Department of Public Safety, we vacate the portion of the sentencing order that defines the length of the registry requirement, striking five words—"for a term of life."

As a preliminary matter, the State argues this court lacks jurisdiction to hear Heginger's claim on direct appeal. Iowa Code section 814.6 requires a defendant to show "good cause" for a direct appeal from a judgment imposed after a guilty plea. Iowa Code § 814.6(1)(a)(3). The defendant bears the burden of establishing good cause for an appeal of a guilty plea. *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). Good cause exists "when the defendant challenges his or her sentence rather than the guilty plea." *Id.* at 105. "[A] sentencing error invariably arises after the court has accepted the guilty plea." *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021) (quoting *Damme*, 944 N.W.2d at 105). Our court has held that the sentence must be "neither mandatory nor agreed to." *State v. Riley*, No. 19-1317, 2021 WL 1662419, at *2 (Iowa Ct. App. Apr. 28, 2021) (emphasis omitted) (quoting *Damme*, 944 N.W.2d at 105).

Heginger does not challenge his guilty plea. Instead, he alleges the district court exceeded its statutory authority by imposing a sentence that included an order to register as a sex offender for life. While Heginger agreed to the plea, he contends the sentence—the portion containing the sex offender registration—was illegal. Consequently, Heginger has shown good cause for appeal, and we may consider it. *See State v. Ritchie*, No. 20-1181, 2021 WL 3074495, at *1-2 (Iowa Ct. App. July 21, 2021).

## I. Background & Proceedings

Heginger pled guilty on October 27, 2020, to one count of assault with intent to commit sexual abuse and one count of prostitution. On December 14, he was sentenced to a two-year term and a five-year term to be served concurrently.[1] The sentencing order included, in relevant part, "Defendant must comply with the sex offender registration requirements of Iowa Code Chapter 692A for a term of life." Heginger timely appealed from the sentencing order.

## II. Discussion

On appeal, Heginger argues the district court lacked the authority to sentence him to register as a sex offender for life and doing so constituted a violation of the separation-of-powers doctrine.

We review sentencing decisions for a correction of errors at law. Iowa R. App. P. 6.907; *State v. Letscher*, 888 N.W.2d 880, 883 (Iowa 2016). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa

---

[1] Heginger has a prior conviction for a sexual offense.

2002). Constitutional arguments are reviewed de novo. *State v. Briggs*, 666 N.W.2d 573, 575 (Iowa 2003).

In its judgment and sentencing order, the district court ordered Heginger to comply with registration requirements under Iowa Code chapter 692A for a term of life. Heginger correctly cites "the determination of the length of any required [sex offender] registration is an administrative decision initially committed to the Department of Public Safety." *Barker v. Iowa Dep't of Pub. Safety*, 922 N.W.2d 581, 585 (Iowa 2019) (alteration in original) (quoting *State v. Bullock*, 638 N.W.2d 728, 735 (Iowa 2002)). As such, Heginger asserts the district court lacked authority to order Heginger to register for life.

In *Bullock*, the supreme court stated, "because sex offender registration is an administrative process that does not commence for an incarcerated individual until he is released from prison," the matter is not ripe for review. 638 N.W.2d at 734; *see also* Iowa Code § 692A.107(1). Until the Department of Public Safety makes a determination on the length of Heginger's term of registration, there is no controversy.[2] *See id.* at 735 ("Any adjudication by the district court prior to an administrative decision and a request for judicial review of that decision is premature."). The *Bullock* court remanded for entry of a judgment of conviction for burglary in the first degree and sexual abuse in the second degree and for sentencing on both convictions. *See id.* The supreme court instructed "[t]he court's sentencing order shall not include any determination of the defendant's responsibility to register as a sex offender." *Id.*

---

[2] The State concedes that to the extent the district court ordered Heginger to register as a sex offender for life, the district court lacked the authority to do so.

Most recently, this issue has been squarely addressed by our supreme court. The court found the portion of the sentencing order that specified a duration for the defendant's sex-offender registration was illegal. See *State v. Goodson*, 958 N.W.2d 791, 806 (2021).[3]

### III. Conclusion

"Generally, in criminal cases, where an improper or illegal sentence is severable from the valid portion of the sentence, we may vacate the invalid part without disturbing the rest of the sentence." *State v. Keutla*, 798 N.W.2d 731, 735 (Iowa 2011). Given the recent supreme court guidance, we vacate the portion of the sentencing order that requires Heginger to register for a term of life. We affirm the remainder of the sentencing order.

**AFFIRMED IN PART**, **VACATED IN PART.**

---

[3] Having resolved this appeal on other matters, we need not address Heginger's separation-of-powers argument. *Simmons v. State Pub. Def.*, 791 N.W.2d 69, 73-74 (Iowa 2010) (stating that "we look to statutory issues first in order to avoid unnecessary constitutional questions").