# IN THE COURT OF APPEALS OF IOWA

No. 22-0065
Filed March 29, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RONNIE NORMAN MURRAY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

Ronnie Murray challenges the district court's order granting the State's motion to correct an illegal sentence. **WRIT ANNULLED.**

John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

In 1999, the Iowa legislature modified sex-offender-registration requirements of a person convicted of an "aggravated offense," lengthening the required registration period from ten years to life. *See* 1999 Iowa Acts ch. 112, §§ 2 (adding a section defining "aggravated offense"), 5 (requiring a person convicted of an aggravated offense to "register for the rest of the person's life"). The amended statute took effect July 1, 1999. *See* Iowa Code § 3.7(1) (1999) (setting the first day of July after passage of an act of the general assembly as the effective date of the act).

Ronnie Murray committed acts on October 13, 1999, that led to a jury finding him guilty of sexual abuse in the third degree in violation of Iowa Code section 709.4(1). Sexual abuse in the third degree in violation of section 709.4(1) is one of the crimes the 1999 legislative amendments defined as an aggravated offense requiring lifetime sex-offender registration. *See* 1999 Iowa Acts ch. 112, §§ 2, 5; *see also* Iowa Code §§ 692A.1(1)(c) (Supp. 1999) (defining sexual abuse in the third degree in violation of section 709.4(1) as an aggravated offense), .2(3) (requiring a person convicted of an aggravated offense to "register for the rest of the person's life"). However, when Murray was sentenced to a prison term not exceeding ten years, the sentencing order incorporated by reference an attached notification signed by Murray and the judge that informed Murray he was required to register as a sex offender for ten years. There is no dispute now that the form incorporated into the sentencing order notifying Murray that his registration period

was ten years was incorrect, as Murray was obligated to register for life.[1]  Murray eventually completed his prison sentence and was released.

The events leading to this appellate action occurred in 2020, when Murray was arrested for and charged with failure to register as a sex offender.  Murray contested the charge, arguing he should not be required to register—or at least should not be charged with failing to register—because he had been misinformed that he was only required to register for ten years and that ten-year period had passed.  This appeal does not concern Murray's criminal charge.  Instead, it addresses the State's effort to head off similar challenges by Murray to any possible future criminal charges.  The State sought to accomplish this by filing a motion in Murray's 1999 case (this case), asking the court to correct an illegal sentence by removing any reference to a ten-year requirement.[2]  The district court granted the motion and amended the sentencing order "to remove any reference to the duration of defendant's requirement to register."  Murray filed notice of appeal.

Our first order of business is to address jurisdiction.  While the State concedes that a challenge asserting a sentence is illegal can be brought at any time, *see* Iowa R. Crim. P. 2.24(5)(a) ("The court may correct an illegal sentence at any time."), the State contends Murray cannot appeal as a matter of right because he is not seeking review of a final judgment.  *See* Iowa Code § 814.6(1)(a) (2022) (giving a defendant a right of appeal from a final judgment of sentence,

---

[1] It appears the mistake was caused by use of an outdated form from before the 1999 amendments.

[2] The State is permitted to challenge an illegal sentence.  *See State v. Ohnmacht*, 342 N.W.2d 838, 841–42 (Iowa 1983).

except in circumstances not at issue here). The State asserts that the proper method of bringing this matter to the appellate court is through petition for writ of certiorari. *See State v. Propps*, 897 N.W.2d 91, 96–97 (Iowa 2017) (finding appeals from a motion to correct an illegal sentence as "most appropriately fashioned" as a petition for writ of certiorari). We agree. *See id.* But that does not end the discussion. Although Murray brings this matter to us improperly via notice of appeal, our rules permit us to proceed via the proper form of review. *Id.* at 97; *see also* Iowa R. App. P. 6.108. As we believe petition for writ of certiorari is the proper form of review, we will treat Murray's notice of appeal and accompanying brief as such a petition. *Propps*, 897 N.W.2d at 97. We grant the petition for writ of certiorari and proceed to the merits.

Challenges to the illegality of a sentence are reviewed for correction of errors at law. *Jefferson v. Iowa Dist. Ct.*, 926 N.W.2d 519, 522 (Iowa 2019).

Murray claims the district court acted illegally by amending the original sentencing order because the court is barred from doing so by issue preclusion. He relies on *Barker v. Iowa Department of Public Safety* to support his claim. 922 N.W.2d 581 (Iowa 2019). We find Murray's reliance on *Barker* misplaced. Like Murray, Barker was incorrectly informed at sentencing that he was required to register as a sex offender for ten years but was later informed that he had a lifetime registration requirement. *See id.* at 585. Unlike Murray, however, Barker filed for postconviction relief (PCR) challenging the voluntariness of his guilty plea due to the district court misleading him as the duration of his registration requirements, and he secured a ruling from our court that included a finding that the duration of his registration requirement was ten years. *See id.* (citing *Barker v. State*, No. 14-

1178, 2015 WL 5287142, at *2 (Iowa Ct. App. Sep. 10, 2015)). When the Department of Public Safety (DPS) refused to accept our court's ruling and required Barker to register for life, Barker sought judicial review of the DPS decision. *Id.* On appeal from a district court ruling affirming the DPS's position that Barker was required to register for life, the supreme court reversed, relying on issue preclusion to conclude our court's 2015 decision that Barker was only subject to a ten-year registration requirement "has preclusive effect over the DPS's determination." *Id.* at 591. In reaching this conclusion, the supreme court twice highlighted the unique and rare circumstances leading to the result. *Id.* at 584 ("This appeal presents a unique set of circumstances . . . ."), 588 ("Barker has established all four elements of issue preclusion based on the rare circumstances of his case.").

Here, we have none of the unique or rare circumstances that drove the outcome in *Barker*. Like in *Barker*, Murray was incorrectly informed that his registration requirement was ten years. But the similarity ends there. Unlike Barker, Murray did not seek PCR, let alone receive a proclamation from a PCR court that his registration was limited to ten years. Also unlike *Barker*, Murray did not seek relief through the DPS administrative process and subsequent judicial review. Without those pieces of the puzzle, Murray does not have the type of judicial ruling Barker had that allowed Barker to rely on issue preclusion. *See id.* at 587–88 (listing the requirements for issue preclusion, which include, among others, a favorable determination in a prior action at which the issue presented is identical). Therefore, we find *Barker* inapplicable to Murray's situation.

The district court correctly amended Murray's sentence in accordance with *State v. Bullock*. 638 N.W.2d 728 (Iowa 2002). In *Bullock*, the defendant challenged the sentencing order imposing a lifetime sex-offender-registration requirement, contending the registration period should be limited to ten years. *Id.* at 734. After reviewing the statutory scheme for sex-offender registration, the court noted "it is at once apparent that the determination of the length of any required registration is an administrative decision initially committed to the [DPS]." *Id.* at 735. As a result, the court concluded "that the sentencing court was without authority to determine the length of any future registration by the defendant." *Id.* The court also concluded that "[a]ny adjudication by the district court prior to an administrative decision and a request for judicial review of that decision is premature" and not ripe for judicial determination. *Id.* As a result, the court vacated the sentence and remanded for resentencing. *Id.* As part of the remand order, the supreme court directed that the "sentencing order shall not include any determination of the defendant's responsibility to register as a sex offender." *Id.*[3]

We find *Bullock* squarely on point and agree with the district court's decision to grant the State's motion to correct an illegal sentence and strike any reference to a duration of sex-offender registration. Consistent with *Bullock*, the determination of duration of registration is left to the DPS, as "the sentencing court was without authority to determine the length of any future registration of the defendant." 638 N.W.2d at 735. Murray cannot establish that the district court

---

[3] Although *Bullock* was decided in 2002, the supreme court continues to follow the principle of finding a sentence illegal when it specifies a duration for sex-offender registration. *See State v. Goodson*, 958 N.W.2d 791, 806 (Iowa 2021).

acted illegally by amending the sentencing order to strike the sex-offender-duration language, so we annul the writ.

**WRIT ANNULLED.**